■ GEORGE COOK, Appellant, v. THOMAS R. STRONG, Defendant, and WILLIAM C. MITCHELL, Respondent.— Judgment unanimously reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The verdict of the jury was against the weight of the evidence. (Appeal from judgment of Oswego Trial Term dismissing the complaint on a verdict of no cause of action, as to defendant Mitchell, in an automobile negligence action.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ WILLIAM LOMBARD, Appellant, v. BEVERLY DOBSON, as Administratrix of the Estate of RAYMOND R. DOBSON, Deceased, Respondent.— Judgment and order unanimously affirmed, with costs. Memorandum: During the trial one Dittmar, in answer to a hypothetical question, gave an estimate of the speed of the Lombard car at the time of its impact with the Dobson car. The objection to the question was overruled. This was error. Dittmar is a consulting engineer who said that he had taken a few months' training in the technical and scientific reconstruction of accidents. In coming to a conclusion as to speed he analyzed photographs of the positions of the cars after the accident, examined the damage to the cars applied the science of photogrammetry and, he claimed, other scientific formulae. His qualifications were not such that he should have been permitted to testify as he did. Despite this error, however, the judgment should be affirmed. The pictures showing the damage to the cars and their positions after the accident, as well as the serious injuries inflicted, show clearly that the Lombard car struck the Dobson car with great force and at a high rate of speed. Furthermore, the testimony of Dittmar was not persuasive or convincing and probably did not impress the jury. The record clearly discloses negligence on the part of Lombard without any consideration of Dittmar's testimony. The motion to dismiss the appeal is hereby dismissed as academic. (Appeal from judgment and order of Genesee Trial Term in favor of defendant for no cause of action in an automobile negligence action. The order denied a motion for a new trial.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ MARY K. EASTER, Respondent, v. FRANK COCCO, Appellant.— Order of Onondaga County Court and judgment of Syracuse Municipal Court unanimously reversed on the law and facts, without costs, and complaint dismissed, without costs. Memorandum: The plaintiff was a tenant in the defendant's two-family house in the City of Syracuse. The grade of the land upon which the house stood was several feet above the street level and there were concrete steps leading from a platform at the foot of the front porch stairs to the sidewalk. The plaintiff wife fell down these steps. The judgment in her favor is based upon the theory that the jury might find the defendant guilty of negligence for failing to erect a handrail alongside the concrete steps. There is no common-law duty requiring a landlord to erect a handrail for an exterior stairway in the absence of a defective condition or unusual hazard (*Bohlig* v. *Schmitt*, 5 A D 2d 1002, affd. 5 N Y 2d 885; *Gauss* v. *State of New York*, 286 App. Div. 934). There was no evidence in this case of a defective condition or unusual hazard. (Appeal from order of Onondaga County Court affirming a judgment of Municipal Court of Syracuse, in favor of plaintiff in a negligence action.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.