BARBARA ABRAHAM, Respondent, v. PAUL ABRAHAM, Appellant.— In a proceeding to enforce the alimony and child support provisions of a judgment of divorce which was granted by the Supreme Court, Nassau County, on Novem-

ber 1, 1972, the appeal is from an order of the Family Court, Kings County, dated July 27, 1973, which granted petitioner a judgment of $1,820 against appellant. Order reversed, on the law and the facts, without costs, and proceeding remitted to the Family Court for a hearing and a new determination, in accordance with the views expressed herein. The divorce judgment awarded custody of the parties' daughter to the petitioner mother and of their son to the appellant father. Visitation rights on two days per week were accorded both parents temporarily and a hearing was ordered to be held at which a final determination would be made. On the date of the order appealed from, such hearing had not yet been held. The divorce judgment also directed appellant to pay $95 per week as alimony and $45 per week as support and maintenance for the child placed in the mother's custody. On November 29, 1972 petitioner and her daughter moved to Florida. Since then appellant made no payments pursuant to the divorce judgment. At the hearing in the instant proceeding the testimony was contradictory as to the relationship of the siblings. Petitioner asserted that the brother and sister did not get along well together. Appellant claimed the contrary. Petitioner did admit, however, that the children had spent time together without incident. She also claimed that her doctor had suggested that she move to Florida for "health" reasons. These reasons are not documented. Her physician did not testify. While appellant did visit his daughter once when he vacationed in Florida, it is clear that petitioner's removal to that State has effectively denied appellant his right of visitation as provided in the judgment of divorce. While it is clear that the deprivation of visitation rights, per se, will not relieve the father of his obligations, such deprivation, when not required by some pressing concern for the welfare of the mother or child should suspend his obligations (*Matter of Sawyer* v. *Larkin*, 37 A D 2d 929; *Matter of Fleischer* v. *Fleischer*, 25 A D 2d 901; *Elkin* v. *Ehrens*, 43 Misc 2d 493; *Lefkowitz* v. *Lefkowitz*, 17 Misc 2d 958). Here the record is particularly vague as to the health claims of petitioner, the alleged need to remove the daughter from the jurisdiction and the economic needs of the child. Although we cannot determine what condition would necessitate taking the daughter to Florida, a hearing on these questions should be held. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.