■ GLADYS MEDINA, as Administratrix of the Estate of MIGUEL ME-DINA, Deceased, et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, and JOSE ACEVEDO, Respondent.—In an action to recover damages for personal injuries caused by a right-angle collision involving a bus and two private cars, defendants New York City Transit Authority and Freund appeal from an interlocutory judgment of the Supreme Court, Kings County, entered October 13, 1976, which, after a jury trial limited to the issue of liability only, is in favor of: (1) plaintiffs and against them; and (2) defendant Acevedo and against plaintiffs. Interlocutory judgment affirmed, with one bill of costs jointly to respondents. The trial court did not abuse its discretion in excluding from evidence the testimony offered by the expert witness called by appellants (see *Meiselman v Crown Hgts. Hosp.,* 285 NY 389). The expert's qualifications were not such as would substantiate his status as an expert in the field of accident reconstruction (see *Lopez v Yannotti,* 24 AD2d 758, app dsmd 17 NY2d 787; *Lombard v Dobson,* 16 AD2d 1031). Moreover, there was enough testimony as to the physical condition of the area surrounding the accident to enable the jury to come to an informed decision on the issue of liability. The court's charge to the jury on the issue of intoxication was not so prejudicial as to mandate a new trial. Martuscello, J. P., Cohalan, Damiani and Titone, JJ., concur.

■ NORA MILICI, Appellant, v JOHN MILICI, Respondent.—In an action in which the plaintiff wife was granted a divorce and custody of the infant issue of the marriage, she appeals from an order of the Supreme Court, Westchester County, dated August 11, 1976, which denied her motion to modify the said judgment so as to permit her to remove the children to the State of California. Order affirmed, without costs or disbursements. The best interests of the children dictate that they remain in close enough proximity to their father to allow for a meaningful relationship to continue to develop. Plaintiff-appellant has failed to establish the existence of any "pressing concern" for her welfare and the welfare of the children whereby removal to a distant jurisdiction is warranted (cf. *Matter of Deutsch v Deutsch,* 53 AD2d 861; *Abraham v Abraham,* 44 AD2d 675). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.