Kenneth W. O’Hare, J.
This court is not disposed to enforce one facet of a Supreme Court determination in a divorce proceeding, that is, child support, when there appears to be a complete flouting and disregard of another facet of that determination, that is, rights of visitation. (See Matter of Bickford v Bickford, 83 Misc 2d 571; Matter of Roe v Doe, 29 NY2d 188; also Feuer v Feuer, 50 AD2d 772; Abraham v Abraham, 44 AD2d 675; Matter of Fleischer v Fleischer, 25 AD2d 901.)
In May of this year, the Supreme Court issued a lengthy opinion in which it determined that the father was entitled to visitation privileges and this determination was made after a psychiatric evaluation determining that such visitation should be had.
On May 23, 1977, an order was entered in the Supreme Court to effect that decision.
At the hearing before me, I made every attempt to secure the help of the petitioner in seeing that the children, ages 11 and 15, would co-operate in the determination of the Supreme Court. On May 25, 1977, both children were submitted for an interview by the court and the court liaison officer to see if they could be persuaded to see their father under any circumstances at all, and they adamantly and willfully refused to agree thereto.
Under these circumstances, I am not inclined to enforce a support order, except if it be on a public charge basis, and could then also consider possible responsibility of the mother and stepfather to contribute to support. A payroll deduction order was made in this matter, when it appeared to me that the father was unduly delaying a hearing in this matter, and had not complied with the order of support entered February 15, 1977. I note that the respondent did follow my directions as to a cash payment of $200 and am now in receipt of a communication that would appear to indicate that his job with American Express Company may be in jeopardy by reason of the payroll deduction order. Accordingly, the payroll deduction order of April 27, 1977 is hereby terminated forthwith, but it will be reinstated if there be any further default in support payments.
The order of support made in this court on the date of February 15, 1977 is hereby modified to provide that no *850 support will be payable for any week in which there is not complete compliance with the Supreme Court order of visitation.