■ In the Matter of DENISE GIACOPELLI, Respondent, v FRANK GIACOPELLI, Appellant.—In a support proceeding pursuant to the Uniform Support of Dependents Law, the appeal is from an order of the Family Court,

Rockland County, dated April 27, 1977, which, after a hearing, modified, in certain respects, a prior support order of the same court, found appellant to be in willful violation of that order, and sentenced him to five days in jail, with a purge provision. Order affirmed, without costs or disbursements. The Family Court did not abuse its discretion in fixing the amount of child support. In view of the children's needs, and the appellant's average monthly income of approximately $1,000, we find the direction to pay $200 a month in child support, plus $40 a month toward reduction of arrears, to be reasonable. Although the Family Court erred in refusing to allow the appellant an opportunity to present evidence as to the denial of his visitation rights, for reasons which will become apparent, we are not disposed to upset the order appealed from. In *Abraham v Abraham* (44 AD2d 675) we held that a father's obligation to support his children should be suspended when the mother removes the children to a distant location without apparent justification (see, also, *Borax v Borax*, 4 NY2d 113, 116; *Callender v Callender*, 37 AD2d 360). However, it is also clear that such claims must be approached on a case-by-case basis and that the mere change in residence of the custodial parent will not automatically result in the suspension of the obligation of support (cf. *Matter of Sawyer v Larkin*, 37 AD2d 929). Among the factors to be considered are whether the distance effectively frustrated regular visitation, whether the decree or agreement expressly prohibited relocation, the reason behind the move, the length of time between the relocation and the father's complaint in court, and the extent of the father's actual visitation prior to the move (*Abraham v Abraham, supra; Matter of Goldberg v Berger*, 31 AD2d 637; *Matter of Nicolette G. v Raymond S.*, 90 Misc 2d 848). Although it was error to ignore these issues at the support hearing, subsequent proceedings in the Family Court rendered this error harmless. When the appellant father brought a proceeding for downward modification of the support order, the Family Court, subsequent to the taking of this appeal, affirmed as to the amount of the obligation, but provided for the setting aside of $15 per week of the support paid as a transportation fund to facilitate visits between the appellant and his children. Since this remedy adequately protected the appellant's visitation rights (see *Matter of Sandra B. v Charles B.*, 85 Misc 2d 633), there is no reason to remand for a further hearing. Latham, J. P., Damiani, Hawkins and O'Connor, JJ., concur.