■ In the Matter of EVELYN BURKART, Respondent, v RONALD MONTEMARANO, Appellant.—In a support proceeding, the father appeals from an order of the Family Court, Queens County, dated May 5, 1978, which directed him to continue paying child support of $35 per week. Order reversed, on the law and the facts, with costs, and proceeding dismissed. The parties were married in 1966, entered into a separation agreement in 1971, and were divorced in 1972. The separation agreement, which was amended in 1972 before the divorce, provided for the appellant father to pay child support in the amount of $35 per week and for him to have regular visitation rights with his daughter. The agreement also contained provisions giving the petitioner mother custody of the only child of the marriage and prohibiting her from removing the child from New York State without appellant's written permission. The amended agreement survived the divorce decree. In November, 1976 petitioner removed the child from New York to California and subsequently remarried. While it is undisputed that petitioner moved to California to remarry, whether she met her present husband in New York or California is disputed by the parties. In any event, the record establishes that her move out of this State has effectively denied appellant his rights of visitation under the separation agreement. Prior to petitioner's leaving New York, appellant made the required support payments and visited regularly with his daughter. When appellant ceased making child support payments under the agreement, the current proceeding was initiated by petitioner under the Uniform Support of Dependents Law to compel appellant to pay child support. The gravamen of this appeal is whether petitioner's relocation in California in violation of the terms of the separation agreement between her and appellant was prompted by a "pressing concern". Only if such a "pressing concern" is established should appellant be obliged to continue making child support payments (see *Abraham v Abraham,* 44 AD2d 675). We hold that petitioner's relocation in California for the purpose of remarriage was not such a "pressing concern" as would warrant the deprivation of appellant's visitation rights. In the instant case, appellant and petitioner voluntarily entered into a separation agreement under the terms of which petitioner specifically agreed not to move out of New York State without the written consent of appellant. It was certainly foreseeable at the time the agreement was signed that, subsequent to a divorce from appellant, petitioner might want to remarry and that remarriage could mean relocating. Nevertheless in entering into the agreement, petitioner contracted to remain in New York State in order that father and daughter might remain in close enough proximity to allow for regular visitation between them. A father's right to visit with his children is a precious right deserving the protection of the court (see *Entwistel v Entwistel,* 61 AD2d 380). In the case at bar, the Family Court did not give adequate weight to appellant's right to continue his relationship with his daughter and the deprivation he suffered as a result of petitioner's move. Accordingly, the order of the Family Court is reversed. O'Connor, J. P., Lazer, Rabin and Gibbons, JJ., concur.