KATALIN SIPOS, Respondent, v FERENC A. SIPOS, Appellant.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: In this Uniform Support of Dependents Law proceeding initiated in Florida, an appeal is taken from an order of Family Court, Monroe County, which, after a hearing, fixed child support in the weekly sum of $30. The order also granted visitation privileges to appellant for five weeks each year during the summer school recess during which support payments were suspended, and an additional 10 days during Christmas or spring school recess on an alternate basis. Two thirds of the cost of transportation for visitation was directed to be borne by appellant and one third by respondent. The parties lived and were married in New York State where their one son was born on February 11, 1968. They were divorced in New York State on October 24, 1969. Under the decree of divorce, custody of the child was given to respondent and appellant was directed to pay the weekly sum of $30 for child support and was granted "reasonable rights of visitation * * * including the right to have said child with him on Sundays of each week between 10:00 A.M. and 6:00 P.M." Appellant complied with the provisions of the decree and regularly exercised visitation rights at all times while the child was physically present in New York State. On January 4, 1978 respondent moved from New York to Florida with the child. Thereafter, appellant refused to make support payments. After a hearing, Family Court, Monroe County, found (1) that although appellant had the financial ability, he resisted paying the child support because his visitation rights under the divorce decree were interfered with; (2) that there was a "sincere interaction between the [appellant] and his son" that was "beneficial to the child"; and (3) that respondent's move to Florida subsequent to the divorce had "not been shown to have been an exceptional circumstance such as would preclude the noncustodial parent from obtaining some relief, however, the support of $30 per week is minimal under the circumstances and the noncustodial parent is able to maintain these payments". Although Family Court's findings are supported

by the evidence in the record, we hold that they do not justify the relief accorded to the respondent. Family Court abused its discretion in failing adequately to protect appellant's visitation rights under the divorce decree. The right of appellant to visit his child and his obligation to pay child support are dependent *(Borax v Borax,* 4 NY2d 113, 116; *Callender v Callender,* 37 AD2d 360). "While it is clear that the deprivation of visitation rights, per se, will not relieve the father of his obligations, such deprivation, when not required by some pressing concern for the welfare of the mother or child should suspend his obligations" *(Abraham v Abraham,* 44 AD2d 675, 676). Each application for the suspension of the obligation of support must be approached on a "case-by-case basis" *(Matter of Giacopelli v Giacopelli,* 62 AD2d 999). The divorce decree, by making provision for Sunday visitation from 10:00 A.M. to 6:00 P.M., required that the respondent reside with the child in a location reasonably conducive to the exercise of appellant's express visitation privileges. Respondent was impliedly prohibited under the divorce decree from removing the child to a distant place which would frustrate regular visitation and render appellant's rights nugatory. Appellant had regularly exercised his visitation rights. As noted above, Family Court described the father-son relationship since the divorce as "beneficial to the child". Respondent's move to Florida, however, made it impossible for appellant to exercise his visitation rights in accord with the divorce decree. Her move was not precipitated by economic, health or other significant concerns. In fact, it appears that respondent's career opportunities in New York and Florida were comparable. No application has been made by either party for modification of the divorce decree. In the absence of "exceptional circumstances" *(Strahl v Strahl,* 66 AD2d 571) or any "'pressing concern' for [respondent's] welfare and the welfare of the [child]" *(Milici v Milici,* 57 AD2d 946) to justify the move to Florida, respondent "should not be permitted to enjoy the benefits of the divorce decree and, at the same time, frustrate its provisions granting the father the natural and most important right to see his [child]" *(Feuer v Feuer,* 50 AD2d 772, 773). Under the circumstances of this case, the removal of the child to Florida constitutes a wrongful interference with appellant's rights of visitation. The support order under review considered solely its minimal amount and appellant's ability to pay. Family Court failed to exercise its jurisdiction to condition the support order on compliance with the decreed visitation rights. Accordingly, appellant should be relieved of his obligation of support until the child is returned to New York State where appellant's rights of visitation may be exercised, or until a remedy is fashioned that will adequately protect his visitation rights (see *Matter of Giacopelli v Giacopelli, supra).* (Appeal from order of Monroe County Family Court—support.) Present—Hancock, Jr., J. P., Schnepp, Callahan, Doerr and Witmer, JJ.