OPINION OF THE COURT
Judith A. Hillery, J.
In the instant proceeding, petitioner [formerly respondent] seeks to modify the prior order of this court to eliminate the provision relating to the support of his 18-year-old daughter, Georgette M. Petitioner contends that his daughter has abandoned him and has declared herself to be independent of him.
In December, 1975, the father obtained an order granting him visitation with his daughter, Georgette M., who was residing with her mother. At the hearing, the father testified *1037 that the last time that he had visitation with his daughter was on December 25, 1975; that she refuses to visit with him; and that since December, 1975, he has been in her presence on several occasions and she has totally ignored him.
The daughter testified that on November 11, 1979, she obtained a Supreme Court order granting her the right, effective January 8, 1980, to assume the name of Georgette M.N. The surname, N., is the surname of her stepfather. The daughter further testified that she has not visited with her father since December 25, 1975; that she has refused to visit with him; that she does not want to visit with him; that she has no feeling for her father; that it is her own desire not to visit with him; that she considers her father to be her "biological” father only and not her "paternal” father; and that she did not consult with him concerning her name change. The mother testified that she did not discourage her daughter from visiting with her father.
In recent years, court decisions have indicated judicial concern for continuance of contact by children with the noncustodial parent of a broken marriage. Penalties have been imposed upon the custodial parent who, without cause, denies visitation with the child by the noncustodial parent. In most instances, the court has granted relief from support obligation with respect to the child to the noncustodial parent. (See Walsh v Walsh, 64 AD2d 980; Matter of Giacopelli v Giacopelli, 62 AD2d 999; Matter of Shinouda v Shinouda, 96 Misc 2d 290.)
The same judicial concern is expressed with regard to the actions of the child which are contrary to the underlying responsibilities and privileges of the parent-child relationship. In Matter of Roe v Doe (29 NY2d 188), the Court of Appeals held that there is implied in the parental support obligation a reciprocal right of a parent to control and discipline the child. When a child under 21 years of age deliberately and voluntarily abandons his or her parents without just cause or consent, that child forfeits the right to parental support. (Matter of Parker v Stage, 43 NY2d 128.)
Paralleling this line of reasoning, it has been held that where the child willfully refuses to visit with the noncustodial parent, such unjustified refusal should not be condoned by the court. (See Matter of Nicolette G. v Raymond S., 90 Misc 2d 848; Matter of Benjamin B. v Rivka M., 90 Misc 2d 850.)
It is the opinion of this court that Georgette M.N., a young *1038 woman over the age of 18 years, has taken certain calculated and deliberate steps to terminate fully and absolutely the parent-child relationship between herself and her natural father. She persists in her refusal to visit or communicate with him. She has obtained a court order changing her surname to that of her stepfather which is the ultimate act of defiance and denial of her relationship with her natural father.
Permitting this child, or anyone on her behalf, to obtain support for her maintenance would constitute a gross inequity. By her words, actions, and stated intent, Georgette M.N. has emancipated herself from her natural father, abandoned any rights to which she might have been entitled and, more particularly, has forefeited any right for which she or anyone on her behalf may have had to require her natural father to support her until she attains the age of 21. Therefore, the petitioner is hereby released from such support obligation effective January 8, 1980.
The prior order of this court, dated May 21, 1979, is modified to $50 weekly, $25 for the support of Joseph B., born July 12, 1972 and $25 toward the collection of arrears. Said order is effective April 21, 1980.