In a support proceeding, the husband appeals from so much of an order of the Family Court, Nassau County, entered January 29, 1979, as found that he had willfully disobeyed a support order of the same court, committed him to jail for 30 days, and fixed the amount of arrears due to the petitioner wife and to the Nassau County Department of Social Services at $4,401 and $3,517, respectively. Order reversed, insofar as appealed from, on the law, without costs or disbursements, and matter remitted to the Family Court, Nassau County, for a further hearing to determine the issues of (a) the petitioner’s reasons for removing the child of the parties to California, and (b) the appellant’s financial ability to pay support from June 13, 1972 to February 4, 1976. Absent exceptional reasons therefor, the petitioner’s removal of the parties’ child to a community 3,000 miles from the appellant father unjustifiably denied him his right of visitation as provided in the order dated April 23, 1975 (see Strahl v Strahl, 66 AD2d 571, 578-579). Since the record is silent as to the petitioner’s reasons for such removal, a hearing should be had with respect thereto (see Abraham v Abraham, 44 AD2d 675, 676), and with respect to appellant’s financial ability to pay support from June 13, 1972 to February 4, 1976 (the trial court improperly refused to accept testimony pertaining to appellant’s financial ability). Mollen, P. J., Gibbons, Martuscello and Weinstein, JJ., concur.