■ Ivy H. Cmaylo, Appellant, v James C. Cmaylo, Respondent.—In an action in which the plaintiff wife was granted a divorce, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, dated September 7, 1979 as denied that branch of her motion to modify the judgment of divorce so as to obtain sole custody of the infant children and to change the residence of said children. Order reversed insofar as appealed from, on the law and the facts, without costs or disbursements, plaintiff's motion is granted to the extent that she is given sole custody of the children and permission to change the residency of said children, and the matter is remanded to Special Term for a new determination as to visitation. The instant case involves divorced parents who, pursuant to a nonmerger separation agreement, have joint custody of their two children, presently aged four and six. The children reside primarily with the mother, with liberal visitation to the father. The agreement also provides that the children are not to reside more than 35 miles from Woodmere, New York. Plaintiff's motion requested, *inter alia,* that she be granted sole custody of the children and subsequently the motion was amended to request that she also be permitted to change the residence of the children to Dallas, Texas. Special Term denied the relief requested and asserted that this court's recent holding in *Strahl v Strahl* (66 AD2d 571, affd 49 NY2d 1036) settled the dilemma presented herein. In reviewing the record, we find that the circumstances at bar were sufficient to justify permitting the relocation of the children. The crucial distinction between the instant case and *Strahl* is that here the move to Texas is due to the

involuntary transfer of plaintiff's present husband by his employer, American Airlines, to Dallas, Texas. Testimony indicated that his failure to move would result in a severance from the company. His employment opportunities in New York are limited, and testimony showed that nothing was available with the same advancement potential or salary. The move was clearly a necessary one for the husband. Special Term appeared to give great weight to the fact that plaintiff knew prior to the marriage of her future husband's prospective move (though they planned to marry before American's plan to move was made known). We believe that this is not a determinative factor, and should not be used to punish plaintiff or the children. It is our belief that moving to Texas is in the best interests of the children, as well as their mother and her husband. Though it is arguably a hardship on the father and the children's relationship with him, it can be made as minimal as possible by liberal visitation rights being given to him. A unique situation exists here, since the children can fly to New York at no cost to either party, due to the present husband's employment by American Airlines. As to the issue of joint custody, the testimony indicated that there is a major conflict between the parents, and such hostility that joint custody appears to be a failure (see *Braiman v Braiman,* 44 NY2d 584). Particularly in view of the fact that the mother and children will be in Texas and the father in New York, we find it necessary to grant the mother sole custody of the two children. Furthermore, evidence of the father's erratic and impulsive behavior toward his former wife, and particularly, his conviction for reckless endangerment in the fire-bombing of his former mother-in-law's place of business (the conviction was subsequent to the hearing herein, though the indictment was prior) lead us to conclude that the father is the lesser fit of the two parents. Residence with their mother and her husband in Texas, in a stable family environment, will best serve the interests of the children. Gulotta, J. P., Margett, O'Connor and Weinstein, JJ., concur.