■ DANNE B. MUNFORD, Formerly Known As DANNE B. SHAW, Appellant, v CRAWFORD SHAW, Respondent. — Appeal by plaintiff from an order of the Supreme Court, Westchester County (Hickman, J.), dated May 11, 1981, which, after a hearing on the parties' respective motions to obtain sole custody of their two youngest children, *inter alia,* granted defendant sole custody of the children and enjoined the plaintiff from permanently removing the children from the State of New York. Order affirmed, without costs or disbursements. The plaintiff mother and defendant father have shared joint custody of their two youngest children, now aged nine and eight, since their informal separation in September, 1976. The joint custody arrangement was formalized in a separation agreement and, in 1978, was incorporated but not merged in a judgment of divorce. It provided, *inter alia,* that the children would reside primarily with the mother; that the mother could not establish living quarters outside a 50-mile radius from New York City without the father's written consent; and that if joint custody was no longer workable, either parent could apply to the court for a determination of sole custody on a *de novo* basis. In early 1980, the father learned that the mother planned to marry an Atlanta, Georgia industrialist and would seek to move the children to Atlanta. In fact, without the father's consent, the mother enrolled the children in an Atlanta school for the fall, 1980 term and purchased a new home with her husband to be, two tenths of a mile from the school in Atlanta. The father objected to the mother's plans and, after negotiations failed, the instant motions to modify the custodial arrangements were made. During the pendency of the determination of the motions, the wife married and moved to Atlanta. The children have been living with the father since that time. The hearing held on the motions revealed that both parents were equally competent and the quality of life at both homes was equal. The testimony also indicated that since the parties' separation, the father had substantially reduced his responsibilities and travel commitments to his law practice so that he could participate fully in the custody of the children. Finally, the father's psychologist testified that the children should live in the setting which best maintained continuity, e.g., familiarity of surroundings, stability of environment, predictability and obtaining the maximum benefit of both parents. In her opinion, the adults involved, rather than the children, should make any necessary adjustments and that it would be less detrimental for the children to stay where they were — in New York. Based on the above, the trial court issued a detailed and well-reasoned decision in favor of the father. The mother appeals from the order entered upon that decision. Recent cases involving custody and visitation disputes have held that a geographic move will not be permitted when it would effectively deprive a parent of regular access to the child (see *Weiss v Weiss,* 52

NY2d 170; *Daghir v Daghir,* 82 AD2d 191; *Strahl v Strahl,* 66 AD2d 571, affd 49 NY2d 1036). Although some cases have permitted such a move (see *Cmaylo v Cmaylo,* 76 AD2d 898; *Todaro v Todaro,* 76 AD2d 816; *Martinez v Konczewski,* NYLJ, March 5, 1981, p 14, col 3), each case presents an unique set of facts and a case-by-case determination is necessary. In this matter, a joint custody arrangement had functioned for more than four years with full participation by both parents. It is significant that the father has decreased his law practice so that he is able to drive his children to school each day and pick them up after school two or three times a week. It is also significant that the mother unilaterally attempted to make the move to Atlanta a reality without regard for the joint custodial arrangement. In addition, it is the father who has been most flexible during this matter, encouraging the children to continue their relationship with their mother, and a serious question exists as to whether the father would be able to enjoy equal access to the children if they permanently resided in Atlanta. The facts outlined above, as well as others, were analyzed fully by the Trial Judge, who heard the testimony, interviewed the children and had before him the reports of various experts. Unfortunately, joint custody is no longer possible in this case (see *Braiman v Braiman,* 44 NY2d 584). A choice had to be made as to custody and, on this record, we cannot say that the choice was erroneous. The children will continue to enjoy the full relationship they have had with their father and will enjoy regular contact with their mother without having to leave their school, friends and community. This arrangement, though not ideal, appears to come the closest to the joint custody experienced in the past. We have considered the remaining arguments and find them to be without merit. Lazer, J.P., Rabin, Cohalan and Bracken, JJ., concur.