■ In the Matter of MARCIA SMALL, Respondent, v LEONARD M. SCHNITZER, Appellant. — In a support proceeding the father appeals from an order of the Family Court, Suffolk County (Willen, J.), dated January 13, 1981, which, *inter alia,* directed him to pay $45 per week for the support of his daughter Lisa and fixed visitation in New York with her. Order modified, on the law, by deleting the provisions fixing visitation in New York at two weeks during the summer and one week during either the Christmas, winter or Easter recess and substituting therefor a provision granting visitation in New York for four weeks during the summer and one week during the Christmas recess. As so modified, order affirmed, with costs to petitioner. The parties executed a separation agreement in August, 1974. The agreement provided that the father would have custody of the two oldest children, while the petitioner mother received custody of the youngest, Lisa. The agreement further provided that neither parent would move from the State of New York with any of the children without written consent of the other. Support for Lisa was fixed at $45 per week, payable $90 bi-weekly. The parties were divorced in November, 1974; the separation agreement survived the decree. In March, 1975 the mother remarried. She and her new husband remained residents of Suffolk County until the end of June, 1978. During that time the father visited Lisa regularly and made the support payments called for under the separation agreement and divorce decree. Between 1957 and 1978 petitioner's new husband had been a home builder on Long Island and in New York City. A sharp decline in the home building industry took place between 1976 and 1978. In 1977 business conditions were bad and he sustained large losses. His 1977 earnings were so small that he didn't file an income tax return. The following year he tried to supplement his income as a builder by working as a real estate broker, but this effort produced little income as the resale market was also weak. For several months he had little or no earnings. It became known to petitioner's new husband that many builders and mechanics were either moving to or contemplating moving to Houston, which was then in the midst of a building boom. After writing to builders in Houston in search of job opportunities, he and his wife visited Houston where he accepted a job in the building industry. The financial situation went well for the next 18 months until the nationwide housing market collapse caught up with Houston. He was forced to accept work at a lower salary, but is constantly seeking improved employment opportunities. Upon the mother's move from New York on June 30, 1978, the father suspended child support payments. In April, 1980 the mother commenced this proceeding under the Uniform Support of Dependents Law (Domestic Relations Law, art 3-A). After a hearing, the Family Court found that since the mother's removal from New York to Houston, Texas, was prompted by a pressing concern, the father's obligation to support his daughter Lisa should not be suspended. Two visits by Lisa to New York, one during the summer for two weeks and another for one week during either the Christmas, Easter or winter recess were set as a minimum visitation for the father. The father was directed to deduct the sum of $15 per week from future support payments upon making available to his daughter two round trip air tickets from Houston to New York, such deduction being for the purpose of reimbursing the father for Lisa's actual travel costs which he will incur annually. "[A] father's obligation to support his children should be suspended when the mother removes the children to a distant location without apparent justifica-

tion" (*Matter of Giacopelli v Giacopelli,* 62 AD2d 999, 1000) or when the move was not necessitated by "some pressing concern" (*Abraham v Abraham,* 44 AD2d 675, 676). We find that the move to Houston in the case at bar was not without justification, but rather was necessitated by a pressing concern; the petitioner's second husband's quest for economic survival on behalf of the family unit (see *Cmaylo v Cmaylo,* 76 AD2d 898). As noted in the decision at Special Term, petitioner's new husband "made substantial efforts to remain in New York, even seeking allied employment after a long losing struggle with the declining home building industry". At oral argument, both sides agreed to a modification of visitation rights to extend the father's time with his daughter in New York to four weeks during the summer and one week during the Christmas recess. To that extent, we modify the order of the Family Court. Otherwise, we affirm. Mollen, P. J., Lazer, Rabin and Margett, JJ., concur.