■ EILEEN R. SCHWARTZ, Respondent, v MORTON W. SCHWARTZ, Appellant. — In a matrimonial action, defendant husband appeals from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), entered October 23, 1981, as (1) denied his application to restrain plaintiff wife from removing the parties' child from New York State, and (2) directed him to bear any and all expenses for transportation of said child for the purposes of visitation so long as plaintiff remains outside New York State. Order modified by deleting therefrom the following: "Any and all expenses for transportation shall be undertaken by the father." As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to Special Term for the purpose of making specific findings of fact concerning the parties' financial circumstances, whereupon it is to determine whether defendant should bear

the cost of transportation necessary to take advantage of his visitation privileges. It is the general policy of this State that a move by the custodial parent to a distant domicile will not be permitted when it would effectively deprive the noncustodial parent of regular access to the child of the marriage (see *Weiss v Weiss,* 52 NY2d 170; *Munford v Shaw,* 84 AD2d 810; *Daghir v Daghir,* 82 AD2d 191, affd 56 NY2d 938; *Strahl v Strahl,* 66 AD2d 571, affd 49 NY2d 1036). The primary concern is the child's best interests which is generally found to be furthered by "his being nurtured and guided by both of his natural parents" (*Daghir v Daghir, supra,* p 193; see *Weiss v Weiss, supra,* p 175). Nevertheless, resolution of such disputes entails a careful balancing of both the rights and problems of the child and his parents (see *Weiss v Weiss, supra,* pp 176-177; *Daghir v Daghir, supra,* p 195). The courts approach matters of this nature on a case-by-case basis and have, on occasion, permitted a move to a distant domicile (see *Martinez v Konczewski,* 85 AD2d 717, affd 57 NY2d 809; *Cmaylo v Cmaylo,* 76 AD2d 898). It has also been stated that upon a showing of exceptional circumstances, a parent may be deprived of his right to reasonable access to the child. Such exceptional circumstances are "invariably associated with a situation where either the exercise of such right is inimical to the welfare of the children or the parent has in some manner forfeited his or her right to such access (*Matter of Denberg v Denberg,* 34 Misc 2d 980, 986)" (*Strahl v Strahl, supra,* p 574; see *Weiss v Weiss, supra,* p 175; *Daghir v Daghir, supra,* p 194). We agree with Special Term that the best interest of the child will be served by allowing him to remain in Florida with the mother, but with liberal visitation awarded the father. The record indicates that the child's conceded emotional disturbance would be further aggravated by a move back to New York State. While recognizing that the offspring may not always be shielded from disruptions that inevitably follow a divorce (see *Weiss v Weiss, supra,* p 176), in a situation such as that existing at bar, the harm to the child if the mother is ordered to return to New York after two years' residence in Florida far outweighs the inhibiting effect such move has had on the father's right of visitation. We further note that the instant relocation was apparently undertaken in good faith, without a desire to place the child beyond the father's reach, based as it was upon the legitimate financial concerns of the plaintiff. Plaintiff's primary source of income is the $75 weekly child support payment. The separation agreement, which was incorporated into but not merged in the divorce decree, provided for $125 per week alimony payments; but these alimony payments ceased upon plaintiff's remarriage. When this marriage was later annulled, plaintiff's father began contributing to her support. Plaintiff was briefly employed in New York, but the child's emotional problems, which require plaintiff to be home at 3:00 P.M. when the child returns from school, coupled with plaintiff's asserted back injury, made it necessary for her to discontinue working. In June, 1980, plaintiff's father indicated that due to his retirement and failing health, he could no longer provide plaintiff with the same level of support. He offered to continue supplementing plaintiff's income by providing living quarters for her and the child in his home in Florida. This arrangement would also make it easier for plaintiff to obtain employment since her parents would be home to care for the child. In order to defray the cost of transportation necessary for the noncustodial parent to exercise his right of access to the marital offspring, we have, in other cases, totally or partially suspended child support payments (see *Martinez v Konczewski,* 85 AD2d 717, affd 57 NY2d 809, *supra; Matter of Giacopelli v Giacopelli,* 62 AD2d 999). A change of residence, per se, will not result in a total suspension of the noncustodial parent's obligation of support; but when the custodial parent removes the child to a distant domicile without apparent

justification, suspension of support is warranted (see *Borax v Borax,* 4 NY2d 113, 116; *Matter of Giacopelli v Giacopelli, supra,* p 1000; *Abraham v Abraham,* 44 AD2d 675, 676; *Callender v Callender,* 37 AD2d 360, 362). Plaintiff's conduct in the instant case does not merit a suspension of support because she has presented convincing evidence to justify removing the child to Florida. Nevertheless, defendant avers that he is financially incapable of bearing the transportation costs necessary to effectuate his visitation privileges. The financial circumstances of the parties, and especially defendant, were not examined in detail during the hearing at Special Term. Upon the record before us, the proof is insufficient to determine whether defendant's financial circumstances will, indeed, deprive him of his right to meaningful visitation with his son. If that be the case, the parties must equitably share the increased costs involved. Consequently, a hearing on this question should be held. Damiani, J. P., Lazer, Mangano and Brown, JJ., concur.