■ HENRY COURTEN, Respondent, v CAROLYN COURTEN, Appellant. — In a proceeding pursuant to section 651 of the Family Court Act, the mother appeals from an order of the Family Court, Suffolk County (Dunn, J.), entered August 16, 1982, which, after a hearing, modified certain provisions of the judgment of divorce (1) to award sole custody of the parties' child to the petitioner father; (2) to delete from said judgment the father's obligation to pay child support; and (3) to provide liberal visitation rights to the mother; and, further, which denied the mother's cross application, *inter alia,* to enforce the support provision of said judgment of divorce and for support arrears. Order affirmed, without costs or disbursements. The parties were married on June 26, 1977 and are parents of a daughter, born June 13, 1979. They entered into a separation agreement on January 27, 1981 which granted custody of the child to the mother and gave the father liberal visitation rights. The agreement did not provide for alimony but awarded child support in the amount of $35 per week. Subsequently, on May 12, 1981, the mother obtained a divorce on the ground of cruel and inhuman treatment. The judgment of divorce provided for the incorporation but not the merger of the separation agreement except insofar as the provisions related to the child, which were to merge in and not survive the divorce judgment. Immediately thereafter the mother took

the child and moved to California. The father first learned of the move when he received a letter dated May 15, 1981 and postmarked May 18, 1981 in which she gave a post office box number and a telephone number in California. Upon learning of the move, the father ceased paying child support and in July, 1981 commenced the instant proceeding pursuant to section 651 of the Family Court Act by which he sought an order awarding him custody of the parties' child, holding the mother in contempt for depriving him of visitation and suspending all support payments. The mother cross-moved for an order, *inter alia,* modifying the judgment of divorce to provide for visitation for the father in California and for a money judgment for arrears in support since May 8, 1981. The hearing held on the motions revealed that the father had taken full advantage of his visitation rights while the child was in New York and he had regularly paid child support until the mother and child moved to California. It was undisputed that the mother was a concerned and able parent. The mother testified that the move to California was mandated by her inability to find suitable employment in New York and by the opportunity to build a better life in California for herself and her child because of a position as a "personnel counselor" which a friend in California had offered her. She further testified that she moved to her present residence in July, 1981 without notifying the father of her change of residence because the father had made no attempt to contact her prior to that time. She admitted that she resided at her present residence with the child and her fiancé whom she planned to marry in two months and whom the child now calls "daddy". The mother admitted that she gave no prior notice to the father of her intended move to California because she feared he might try to stop her or harass her. The Family Court issued a detailed and well-reasoned decision in which it found no compelling reason to justify the mother's move. In support of its decision, it cited the mother's unimpressive efforts to obtain employment in a location which would not unduly interfere with the father's visitation, the likelihood that the mother's move was motivated by the presence in California of her fiancé whom she had met while still living in New York and the fact that the mother seemed intent upon depriving the father of access to the child as evidenced by her failure to bring the child to New York to visit with the father during the trial. The Family Court found that the best interests of the child would be served by transferring custody to the father. We agree. The predominate concern in resolving custody disputes is the child's best interests (see Domestic Relations Law, §§ 70, 240; see, e.g., *Eschbach v Eschbach,* 56 NY2d 167, 171; *Bliss v Ach,* 56 NY2d 995, 998; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94; *Matter of Nehra v Uhlar,* 43 NY2d 242, 248). "It is the firmly established policy of this State * * * that, wherever possible, the best interests of a child lie in his being nurtured and guided by both of his natural parents" (*Daghir v Daghir,* 82 AD2d 191, 193, affd 56 NY2d 938; see *Weiss v Weiss,* 52 NY2d 170, 175). Disruption of the relationship between the noncustodial parent and the marital issue by relocation of the custodial parent in a distant jurisdiction will not be permitted unless a compelling showing of "exceptional circumstances" (*Strahl v Strahl,* 66 AD2d 571, 574, affd 49 NY2d 1036) or a " 'pressing concern' " for the welfare of the custodial parent and child (*Milici v Milici,* 57 AD2d 946) is made warranting removal of the child to a distant locale. Upon the record before us, including the mother's apparent lack of good faith in relocating, we find the circumstances of the mother's removal of the child from New York to California do not justify the interference with the father's right of visitation (see *Daghir v Daghir, supra; Weiss v Weiss, supra; Priebe v Priebe,* 81 AD2d 746, affd 55 NY2d 997; *Munford v Shaw,* 84 AD2d 810, mot for lv to app den 55 NY2d 606; cf. *Martinez v Konczewski,* 85 AD2d 717, affd 57 NY2d 809;

*Cmaylo v Cmaylo,* 76 AD2d 898). Residence with her father with liberal visitation awarded to her mother is in the child's best interests. Moreover, since the mother's move to California was unjustified, Family Court properly denied the mother's application for arrears in child support. It is fundamental that an unjustified denial of visitation rights by the custodial parent may suspend the noncustodial parent's obligation to pay child support during the period that visitation rights are denied (see *Strahl v Strahl, supra; Abraham v Abraham,* 44 AD2d 675). In *Abraham (supra)* the court held that the noncustodial parent's obligation to pay support should be suspended when the custodial parent removes the marital issue to a distant jurisdiction without apparent justification. However, such a suspension is not automatic. Such claims must be approached on a case-by-case basis. We find that in this case the father's suspension of child support payments was justified (see *Callender v Callender,* 37 AD2d 360; cf. *Matter of Lee v De Haven,* 87 AD2d 576; *Matter of Small v Schnitzer,* 85 AD2d 641, mot for lv to app den 55 NY2d 608; *Giacopelli v Giacopelli,* 62 AD2d 999). Titone, J. P., Gulotta, Weinstein and Bracken, JJ., concur.