■ JOSEPH CATALDI, Appellant, v PAMELA SHAW, Respondent. — In a matrimonial action, plaintiff husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Christ, J.), dated March 3, 1983, which, *inter alia,* denied that branch of his motion which sought a change in custody, and granted those branches of defendant wife's cross motion which sought a money judgment against him for arrears in child support and counsel fees. ¶ Order modified, on the law and as a matter of discretion, by (1) deleting the fifth decretal paragraph thereof and (2) adding thereto a provision exempting the husband from the payment of child support to the wife when the children reside with the husband during visitations which extend for a time period of 24 hours or more. As so modified, order affirmed, insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new determination, following a hearing, of the terms upon which the husband shall have visitation, in accordance with this memorandum decision. Pending that new determination, the terms of the fifth decretal paragraph with respect to visitation shall remain in full force and effect. ¶ This court has frequently held that absent " 'exceptional circumstances' " or "a 'pressing concern' for the welfare of the custodial parent and child" a custodial parent is not justified in removing the child to a distant locale, and thereby effectively frustrating the right of the noncustodial parent and child to visitation (*Courten v Courten,* 92 AD2d 579, 580, quoting from *Strahl v Strahl,* 66 AD2d 571, 574, affd 49 NY2d 1036; and *Milici v Milici,* 57 AD2d 946; see, also, *Schwartz v Schwartz,* 91 AD2d 628; *Daghir v Daghir,* 82 AD2d 191, affd 56 NY2d 938). We have also held, however, that a divorced parent does not forfeit the right to remarry by accepting custody of his or her children (see *Daghir v Daghir, supra* p 194) and that in proper circumstances the need to relocate occasioned by the marriage of the custodial parent will not necessitate a change in the custody arrangement (see *Schwartz v Schwartz, supra; Martinez v Konczewski,* 85 AD2d 717, affd 57 NY2d 809; *Matter of Small v Schnitzer,* 85 AD2d 641; *Cmaylo v Cmaylo,* 76 AD2d 898, app dsmd 51 NY2d 770). We have emphasized that such determinations are to be made on a case-by-case basis (see *Munford v Shaw,* 84 AD2d 810, 811; *Schwartz v Schwartz, supra,* p 629) and that the decision of the trial court, which has evaluated the evidence at first hand, is to be accorded the greatest respect and will not be disturbed in the absence of an abuse of discretion (see *Matter of Gloria S. v Richard B.,* 80 AD2d 72). ¶ The case at bar presents a situation in which two admittedly loving and caring parents are at odds over the residence of their children because the custodial parent moved to Alabama in furtherance of her legitimate plans to marry a native of that State. The instant relocation was apparently undertaken in good faith and does not evince an intent on the custodial parent's part to deprive the husband of access to the children (cf. *Courten v Courten, supra*). ¶ After an *in camera* interview with the children, the trial court found that the children, although expressing love and affection for the husband, left no doubt in the court's mind that they chose to live with the wife in Alabama. Based on the children's preference and the fact the wife has been the custodial parent since the parties entered into a separation agreement on April 5, 1977, there is a factual basis for the trial court's concern that a change in custody would have a devastatingly adverse impact on the children's emotional well-being. ¶ Clearly, the best interest of the children lie in their being nurtured and guided by both of their natural

parents (*Daghir v Daghir, supra,* p 193), and the custodial parent's relocation will undoubtedly result in diminution in the regular visitation to which the husband and the children are entitled. Nevertheless, if a guiding and nurturing relationship is to be maintained with both parents, the husband stands in the best position to effectuate that goal because the lengthy vacations permissible in his occupation as a school teacher will facilitate meaningful visitation. Moreover, we note that the wife's relatives, who are located in Alabama, can provide the added support, love, and guidance that only an extended family can foster. ¶ Upon a review of the evidence adduced at trial, and considering the trial court's proper use of the *in camera* interview of the children (see *Matter of Ebert v Ebert,* 38 NY2d 700; *Dintruff v McGreevy,* 34 NY2d 887; *Matter of McCrocklin v McCrocklin,* 77 AD2d 624), we cannot say that in deciding as it did, Special Term has exceeded the bounds of its discretion. ¶ We are cognizant that the wife's relocation to a distant jurisdiction has impaired the husband's visitation rights as defined in the parties' separation agreement. Due to the distance involved, it is now impracticable for the husband to comply with the agreed-upon visitation schedule. Consequently, the matter is remitted to Special Term to redefine the husband's visitation rights. Although we leave it to Special Term to determine the details of the husband's visitation rights in light of the needs and vacation schedules of the children and their parents, the order should accord petitioner liberal visitation during his and the children's coinciding vacations, including the right to a minimum of six weeks' visitation with the children at his residence during summer vacations. In our assessment, such a visitation schedule is necessary to maintain the meaningful relationship which the husband and his children currently share. Moreover, when the children reside with the husband during visitations which extend for a time interval of 24 hours or more, the husband is to be relieved of payments to the wife for child support during said visitations. ¶ In addition, we note that the wife is entitled to arrears of child support, since relief from the husband's obligation of support would be available only if her move were found to be unjustified. (Domestic Relations Law, § 241; *Courten v Courten, supra,* p 581.) Nor has the husband asserted a basis upon which this court can hold that Special Term abused its discretion in awarding counsel fees to the wife (see Domestic Relations Law, § 237, subd [b]; § 238). Titone, J. P., Gibbons, Bracken and Rubin, JJ., concur.