◼ JACQUELYN D. COHEN, Respondent, v FRED COHEN, Appellant. — Casey, J. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered December 15, 1983 in Albany County, upon a decision of the court at Trial Term (Cholakis, J.), without a jury.

The parties were divorced in 1979 by a decree which incorporated but did not merge a separation agreement containing provisions fixing defendant's visitation rights and support obligations as to the parties' two children. Plaintiff and the two children moved to Tucson, Arizona, in June 1981, and defendant unilaterally reduced his biweekly child support payment by a substantial amount. Plaintiff thereafter commenced this action seeking to recover arrearages in child support. Defendant's answer asserted that by removing the children from New York, plaintiff had effectively terminated defendant's visitation rights and had breached the separation agreement. He sought dismissal of plaintiff's complaint, damages and change in custody or increased visitation. Following a trial without a jury, the trial court found that plaintiff's decision to move to Arizona was not a bad faith effort to interfere with defendant's visitation rights. The court concluded that although plaintiff's removal of the children from New York did not suspend defendant's support obligation, there should be some reduction to offset the increased expenses of visitation. The trial court, therefore, modified defendant's biweekly support payment and awarded plaintiff arrearages based upon the modification. The court also increased defendant's summer visitation rights from two weeks to one month. Defendant appeals.

Initially, we agree with the trial court's finding that plaintiff did not act in bad faith and was not motivated by a desire to interfere with defendant's visitation rights. Although there is conflicting evidence on some issues, there is ample proof that defendant's conduct was a motivating factor in plaintiff's decision to move to Arizona and that plaintiff acted in good faith. We also agree with the trial court's conclusion that, in these circumstances, plaintiff's removal of the children from New York, which was not prohibited by the separation agreement, did not suspend defendant's support obligation (*see, e.g., Matter of Lee v De Haven,* 87 AD2d 576; *Matter of Giacopelli v Giacopelli,* 62 AD2d 999).

Defendant claims that the trial court erred in finding that defendant had "forfeited" his visitation rights. Although the

court initially framed the issue in terms of a forfeiture, it is apparent from the ensuing discussion and conclusion that the trial court's inquiry was focused on the role played by defendant in plaintiff's decision to move to Arizona and whether defendant's support obligation was suspended as a result of plaintiff's actions. That the trial court did not find a forfeiture of defendant's visitation rights is readily apparent from the provision in the judgment which increased defendant's summer visitation from two weeks to one month.

Defendant's due process argument is meritless. Assuming that defendant's liberty interest has been infringed, there has been no termination of defendant's parental rights which would compel the use of the clear and convincing evidence standard of proof (*compare, Santosky v Kramer,* 455 US 745 *with Matter of Linda C.,* 86 AD2d 356). We also find no merit in defendant's public policy argument. The trial court's judgment should therefore be affirmed.

Judgment affirmed, with costs. Mahoney, P. J., Main, Casey and Yesawich, Jr., JJ., concur.