In the Matter of MICHAEL SAVINO, Respondent, v ANN M. SAVINO, Appellant.

The courts have long recognized the "basic natural rights of visitation and access to [one's] children" (*Matter of Denberg v*

*Denberg,* 34 Misc 2d 980, 986, quoted with approval in *Strahl v Strahl,* 66 AD2d 571, 579, *affd* 49 NY2d 1036). The rule has, therefore, become firmly established that a custodial parent may not, by relocating to a distant locale, deprive the noncustodial parent of reasonable visitation (*Courten v Courten,* 92 AD2d 579, 580; *Schwartz v Schwartz,* 91 AD2d 628, 629; *Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938). This rule, however, is not absolute and, in certain exceptional circumstances, "the need to relocate occasioned by the marriage of the custodial parent will not necessitate a change in the custody arrangement" (*Cataldi v Shaw,* 101 AD2d 823; *see also, Martinez v Konczewski,* 85 AD2d 717, *affd* 57 NY2d 809). Such exceptional circumstances exist, for example, where a change in custody would adversely affect the emotional well-being of the child (*e.g., Cataldi v Shaw, supra*). Indeed, it is the best interest of the children which is the overriding concern (*see, Daghir v Daghir, supra; Friederwitzer v Friederwitzer,* 55 NY2d 89; *Weiss v Weiss,* 52 NY2d 170). The decision as to whether the best interests of the children justify depriving the noncustodial parent of reasonable visitation is committed to the sound discretion of the trial court, whose determination must be afforded the greatest weight (*Cataldi v Shaw, supra*).

In this case, the trial court properly considered the welfare of the children to be of paramount importance and its findings that (1) a change in custody would not adversely affect the children's emotional well-being, and (2) both parents are equally fit, are supported by the record. We would note, moreover, that the mother, in announcing her intent to move to Texas, had ignored the terms of the parties' separation agreement, which provided that she obtain court permission in the event she desired to take up residence with the children anywhere outside of the Counties of Nassau, Suffolk, Westchester or New York City. Since the trial court did not abuse its discretion in ordering that custody be transferred to the father, we affirm. Gibbons, J. P., Bracken, O'Connor and Brown, JJ., concur.