■ In the Matter of DOUGLAS PORTER, Appellant, v CHRIS-TINE P. FRYER, Respondent.—Levine, J. Appeal from an order of the Family Court of Rensselaer County (Perkinson, J.), entered November 17, 1987, which, in a proceeding pursuant to Domestic Relations Law § 240, modified the parties' separa-

tion agreement and judgment of divorce to allow respondent to remove one of the parties' infant children from New York to Virginia.

Petitioner is the father of Adam, born November 21, 1977, whose custody is at issue in this proceeding. He and respondent, the mother of Adam, married in 1976. Petitioner adopted respondent's twin sons, now 18 years old. The parties physically separated in 1982 and entered into a formal separation agreement in November 1983. The agreement provided for joint custody of the three children but that their primary residence would be with respondent and gave petitioner visitation on alternate weekends and holidays and four weeks during the summer. Respondent also agreed not to change the residence of the children to a location outside New York without petitioner's written consent. A judgment of divorce was granted later that same month, which incorporated but did not merge the separation agreement. In December 1983, respondent married her present husband, a career serviceman in the United States Navy who was stationed at the Navy Recruitment Center in Albany on a tour of duty scheduled to end in August 1987, at which time he would have completed 16 of the minimum 20 years of service for retirement with a military pension. Petitioner has also remarried.

In March 1987, respondent's husband received orders that would have transferred him, at the end of his assignment in Albany, to a naval war ship for three years, including sea duty, based in Norfolk, Virginia. Respondent sought petitioner's permission to relocate to Norfolk, but this was refused. Petitioner then commenced this proceeding seeking a modification of the divorce decree to grant him the primary physical custody of Adam on the ground that respondent's impending move to Virginia would violate the separation agreement and deprive him of his rights of visitation. Respondent cross-petitioned to modify the decree so as to authorize her to relocate with Adam to Virginia. After an evidentiary hearing, Family Court granted the cross petition in a Bench decision. This appeal followed.

There should be an affirmance. Family Court found that, although both parents were devoted to Adam and fit to care for him, because Adam "is a unique person with unique circumstances", his best interest would be served by permitting respondent to retain primary custody while moving to Virginia. We agree. While Family Court's findings of the essential facts, as required by CPLR 4213 (b), could have been more extensive, the record is sufficiently complete, and does

not involve any significant issues of credibility, so as to permit us to make a determination. In the interest of judicial economy and to avoid further delay in the final resolution of this custody dispute, we should do so *(Matter of Jones v Jones,* 92 AD2d 632, *affd* 65 NY2d 649).

In our view, respondent's proof established the existence of exceptional circumstances and compelling reasons for her relocation sufficient to support Family Court's decision that she retain custody. Since the parties' separation, the child has lived continuously in his present family unit. He suffers from a hormonal growth deficiency which has resulted in his being significantly undersized for his age. This in turn caused emotional problems which impended his ability to function in school. Academically, he fell two years behind in his chronological age group. Nevertheless, the uncontested evidence was that he has since made significant progress in adjusting to school and attaining scholastic goals at his current grade level, largely attributable to the efforts of respondent, assisted by her husband, working regularly with Adam at home and acting as his advocate with teachers and school administrators.

The clinical evidence introduced at the trial confirmed that Adam is more closely bonded psychologically to respondent, and to a degree to his stepfather, than to petitioner. His mother is clearly the primary source of his emotional support and nurturance. Separation from respondent is unthinkable to the child and would, in the opinion of the expert who testified at the hearing, bring about a severe depressive reaction likely to undermine the academic and social progress he has made.

The record also clearly supports the inference that respondent's decision to relocate was made in good faith for legitimate, compelling reasons and without any intent to deprive petitioner of his rights of contact with his child. Although respondent knew when she remarried that her husband's assignment in Albany would end in 1987, the evidence established that, at the time, they could reasonably have anticipated that the Navy would grant him an extension of his Albany tour of duty. A genuine effort was made to obtain such an extension and, when that was unavailing, her husband also unsuccessfully sought an assignment to Saudi Arabia. Such duty would have been for one year, unaccompanied by his family, after which there would have been a strong likelihood of a retransfer to Albany. Thus, respondent and her husband exhausted every alternative to relocation short of the termination of his military service and resultant forfeiture of retire-

ment benefits, or a three-year disruption of their marital relationship if respondent remained in the Albany area. Respondent's retention of custody was also consistent with the Law Guardian's recommendation and the child's wishes, expressed to the Law Guardian and to the court in an in camera interview.

The foregoing circumstances fully justify a determination that, in Adam's best interest, respondent may be permitted to leave New York while retaining custody *(see, Cataldi v Shaw,* 101 AD2d 823; *Schwartz v Schwartz,* 91 AD2d 628; *Martinez v Konczewski,* 85 AD2d 717, *affd* 57 NY2d 809). This remains so despite the contractual limitation on respondent's leaving the State contained in the separation agreement, which must yield to the needs of the child as previously discussed *(see, Cmaylo v Cmaylo,* 76 AD2d 898, *appeal dismissed* 51 NY2d 770). We note also Family Court's signification to the parties that, if they could not agree on a new visitation schedule, it would award petitioner visitation periods for the greater part of Adam's major school vacations.

Order affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.