■ DONALD FRIZZELL, Respondent, v SARA FRIZZELL, Appellant. [597 NYS2d 513] —Mikoll, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered August 21, 1992 in Albany County, which, *inter alia,* awarded custody of the parties' children.

Plaintiff and defendant were married on February 14, 1982 in Iowa. There are two issue of the marriage, Rachel, born November 22, 1982, and Joanna, born June 19, 1985. Plaintiff and defendant separated and entered into a separation agreement which provided for joint custody of the children, with primary physical custody in defendant. Under the separation agreement, defendant had the right to pursue career goals which could include relocating to Iowa, from where plaintiff and defendant came, and Boston, Washington, D.C., and New York City, which were areas expected to offer job opportunities in her chosen field of economics, international trade and finance. Both parties lived in Albany County when the agreement was made.

In 1990, defendant sought court permission to relocate to California because of a job offer paying $30,000, day care for the children and a better place to live. Supreme Court found that defendant was unable to find a job in the four designated areas, that she had exhausted the assets given to her pursuant to the separation agreement in support of herself and the children, that plaintiff was unemployed and studying for the ministry and unable to make sufficient payments to sustain the children, that defendant was relegated to seeking welfare assistance after exhausting her assets, that she and the children were forced to live in a poor area of the inner city, and that the children suffered emotional trauma from their school

experience. Based on these factors, Supreme Court permitted defendant and the children to relocate to California in February 1991 on the ground of exceptional circumstances. The matter was reversed by this Court on appeal because the guardian ad litem failed to attend the hearing (177 AD2d 825).

Upon a rehearing, Supreme Court concluded that exceptional circumstances existed in February 1991 which justified the court's decision to permit defendant to move to California with the children. The court found that the children were doing well in their new milieu, progressing satisfactorily in school and residing in a quiet residential area. Defendant is employed by USAID Business Outreach Program and paid $37,500 a year. Plaintiff is employed as a minister in Iowa at $22,000 a year. Plaintiff also receives housing, contribution to medical insurance and contributions to a retirement plan. Defendant testified that she investigated the possibility of work in Iowa recently but without success.

Supreme Court concluded that the exceptional circumstances existing when defendant moved to California were no longer existent and ordered defendant to move to one of the four locations named in the separation agreement within 45 days or surrender physical custody of the children to plaintiff.

The issue of custody is to be resolved considering the best interest of the children (see, Eschbach v Eschbach, 56 NY2d 167, 171). As this Court said in Matter of Towne v Towne (154 AD2d 766), "A distant geographic relocation by a custodial parent is disfavored, in the absence of exceptional circumstances, because it deprives the noncustodial parent access to the child" (supra, at 767 [citations omitted]). We have also held that the provisions of a separation agreement as to custody must yield to the needs of the children (Matter of Porter v Fryer, 142 AD2d 770, 773).

At the time of these proceedings, August 1992, primary physical custody of the children had been with defendant from 1987 to 1992. Supreme Court found that exceptional circumstances existed in February 1991 when defendant was permitted to move to California with her children. Currently, defendant has a good job there with the anticipation of an increase of 6% in salary in her next contract period. She testified that such a job is not available elsewhere. Without the continuation of her current income she would be without resources to look for other job possibilities. She is still repaying debts incurred in the past. Under the present arrangement, plaintiff has the children for extensive periods of time in the summer and at Christmas holidays, with phone access available to him

to maintain contact. The record discloses that the children are doing very well at school. Rachel has blossomed both intellectually and socially, and is an excellent student. Joanna is also doing well, although she is not of as scholarly a bent as her sister. To force defendant and the children to relocate and to undergo the concomitant financial expense and emotional upheaval of such a move would not be in the children's best interest. Neither would such a move necessarily give plaintiff greater access to his children as defendant, having recently found Iowa to be without job possibilities for her, would be relegated to searching for work in New York City, Boston or Washington, D.C. To deprive the children of defendant's care would be inadvisable. Defendant is an excellent mother and has been the primary source of support and nurturing for all these years. The move to California was borne of dire economic necessity. It is now a fait accompli and should have been weighed in the balance of what is in the best interest of the children.

Weiss, P. J., Yesawich Jr., Levine and Casey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as required defendant to relocate to areas set out in the separation agreement or surrender physical custody of the children to plaintiff within 45 days, and, as so modified, affirmed.