■ KITTY A. PRIEBE, Also Known as KITTY A. FOX, Respondent, v JOHN A. PRIEBE, Appellant. — Order unanimously modified, and, as modified, affirmed, without costs, and without prejudice, in accordance with the following memorandum: Defendant, the divorced father of two children, appeals from the grant of the mother's cross motion to modify the visitation provisions of the divorce decree and from the denial of his motion to modify the decree to grant him custody or, in the alternative, to prohibit the mother from removing the children from the Buffalo, New York, area. The parties were married on December 2, 1967 and are parents of a daughter, age 12, and a son, age 10. They entered into a separation agreement on January 6, 1972, which was subsequently incorporated but not merged into the decree upon their divorce in October, 1973. The agreement, as modified by the parties on August 16, 1977, granted custody of the children to the mother, gave the father visitation every Monday and Tuesday and alternate weekends as well as the month of July, provided for no alimony, and awarded child support in the amount of $10 per week plus 9% of the father's income.

The father has regularly paid $260 per month child support. The record does not indicate that the mother ever sought an increase in this amount. At the hearing on the motion it appeared that the mother had moved to Boulder, Colorado and obtained an entry-level job in computer programming, her chosen career, leaving the children with their father in Buffalo until she could arrange for them to join her. Special Term denied the father's motions, continued custody with the mother, and modified the visitation provisions to give the father visitation during Christmas and Easter recesses, for two months during the summer, and at any other times that the parties could arrange. Special Term based its decision on the findings that the mother faced "continued limited employment possibilities in the Buffalo area with little chance of security or advancement" and that the amount of contribution by the father "is minimal considering his $32,000 income." We reverse the order insofar as it modifies the visitation provisions of the divorce decree. Under the visitation provisions of the decree the custodial parent was "impliedly prohibited * * * from removing the child[ren] to a distant place which would frustrate regular visitation and render appellant's rights nugatory" (Sipos v Sipos, 73 AD2d 1055, 1056). It is undisputed that both are concerned and dedicated parents. Notwithstanding the formal placing of custody with the mother, the evidence is that the father has borne a substantial share of the parental responsibility, has participated fully in decisions concerning the children, and, until his temporary custody upon the mother's move to Colorado, had the children with him approximately 45% of the time under the visitation terms as modified in 1977. The mother's showing that employment opportunities in computer programming were severely limited in Buffalo and good in Boulder does not, without more, constitute a showing of "exceptional circumstances" (Strahl v Strahl, 66 AD2d 571, 574, affd 49 NY2d 1036) or a "pressing concern" (Milici v Milici, 57 AD2d 946) for the welfare of the mother and children warranting disruption of the close relationship between the father and the children (see Weiss v Weiss, 76 AD2d 863, affd 52 NY2d 170). There was insufficient proof on such relevant issues as whether the mother could find satisfactory employment in a location which would not unduly interfere with visitation, and whether the father could and should pay more child support. In contrast, in Dean v Dean (79 AD2d 876, mot for lv to app den 52 NY2d 706), Trial Term held, and we agreed, that pressing financial concerns justified removal by the mother of the parties' two children from Buffalo to New York City. There the mother established that because of the limited amount the father could contribute, the substantial income she could earn in New York City was essential for the support of herself and the children and that because of her highly specialized qualifications she could not obtain comparable employment anywhere else in the jurisdiction. Moreover, the proximity of the two cities permitted the court to award some weekend visitation. Inasmuch as our disposition of this appeal leaves the custody and visitation provisions of the existing decree unchanged, it is evident that the mother, if she desires to resume custody pursuant to the decree, will have to change her residence to a location where the prescribed visitation may be carried out (see Sipos v Sipos, supra) and that until she does so, temporary custody will remain with the father. To the extent of modifying the existing decree to include a provision prohibiting plaintiff from removing the children to any location where such visitation may not be conveniently carried out the defendant's motion is granted. We recognize that further applications to the court for modification may be in order for the purpose of arriving at appropriate permanent custody and visitation provisions which are consistent

with the parties' future living arrangements and also compatible with this decision. Therefore, our disposition is without prejudice to renewal by the parties of their motions pertaining to custody, visitation and modification of support, if so minded, and if future circumstances warrant. (Appeal from order of Erie Supreme Court — custody.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Moule, JJ.