■ BEVERLY A. WEBER, Appellant, v GREGORY G. WEBER, Respondent. (Appeal No. 1.) — Order unanimously reversed, with costs, petition denied and matter remitted to Erie County Supreme Court (Mintz, J.) for further proceedings in accordance with the following memorandum: The parties were divorced in May, 1980 after living apart under a written separation agreement for more than one year. The separation agreement was incorporated in the divorce decree and gave sole custody of the two minor children, aged nine and seven, to appellant with liberal visitation rights to respondent. Soon thereafter appellant informed respondent that she was leaving for Florida. Respondent thereupon moved in Supreme Court for an order restraining appellant from removing the children from this State or, in the alternative, transferring custody to him. In December, 1980, after a hearing, Special Term granted the order. After the hearing, but prior to the issuance of the order, appellant married a Florida resident. Appellant's motion for reargument and her motion for a modification of the December order were denied. The rule in New York is that a relocation by the custodial parent that effectively prevents the noncustodial parent from exercising visitation rights will not be permitted absent an "exceptional circumstance" or "pressing concern." *(Sipos v Sipos,* 73 AD2d 1055.) Mere whim or even the desire of the custodial parent to seek a new life is not sufficient *(Strahl v Strahl,* 66 AD2d 571, affd 49 NY2d 1036). The Court of Appeals has recently indicated, however, that the obligations undertaken by a divorced parent who marries anew which require a dramatic change of locale is such an exceptional circumstance (see *Weiss v Weiss,* 52 NY2d 170, 177). In such a case the custodial parent should not be restrained from taking the children to the new home. Visitation rights, however, should be liberally

modified in favor of the noncustodial parent in order to accommodate the anticipated reduction in the frequency of visitation. (Appeal from order of Erie Supreme Court, Mintz, J. — custody — removal from State.) Present — Simons, J. P., Hancock, Jr., Callahan, Doerr and Denman, JJ.