## (February 2, 1984)

■ JULIETTE C. BRYAN, Respondent, v NICHOLAS BRYAN, Appellant. — Appeal by Nicholas Bryan, the father, from an order of the Supreme Court, Suffolk County (Gerard, J.), dated September 14, 1983, which awarded custody of the infant children of the parties to Juliette Colangelo Bryan, the mother, and prescribed the terms of visitation. Order reversed, on the law and as a matter of discretion, with costs, custody of the infant children is awarded to the father, the mother is directed to turn over custody of the children to the father and the matter is remitted to the Supreme Court, Suffolk County, for determination of the terms upon which the mother shall have visitation, in accordance herewith. In a long and complex series of proceedings, made more difficult by the resort to self help on both sides, the mother essentially sought modification of the separation agreement of the parties, which was incorporated but not merged in the judgment of divorce and provided for joint custody of the infant children of the marriage. After the separation, the children resided with the mother in East Hampton, New York, until August of 1982, when they moved to the State of Washington, allegedly at the time when the mother was entitled to sole custody, pursuant to an order which was subsequently vacated. Some time prior to this, the mother had accepted a position, at a salary of $11,000 per year, in the office of a chiropractor on Whidbey Island, Washington, whom she had met on a social basis. She later married her employer, although the evidence raises some doubt as to the validity of the marriage. After numerous motions and proceedings, precipitated by the mother's move to the State of Washington and the action of the father in bringing one of the children back to New York, the parties stipulated to a *de novo* hearing for the purpose of determining which custody situation would be in the best interests of the children. The hearing resulted in an order, from which the father now appeals, granting sole custody of both infant children to the mother. Execution of this order was stayed. However, it appears that the mother has taken custody of the children in violation of our order. Both this court and the Court of Appeals have emphasized that noncustodial parents and their children jointly enjoy a "natural right of visitation", which, to be effective, must be "frequent and regular" (*Daghir v Daghir,* 82 AD2d 191, 193-194, affd 56 NY2d 938; see, also, *Weiss v Weiss,* 52 NY2d 170, 175). Of course, custodial parents are entitled to

further their own interests and develop their own lives, but not at great cost to the relationship between noncustodial parents and their children. Therefore, we have established as a rule that the disruption of the latter relationship "will not be permitted unless a compelling showing of 'exceptional circumstances' (*Strahl v Strahl*, 66 AD2d 571, 574, affd 49 NY2d 1036) or a 'pressing concern' for the welfare of the custodial parent and child (*Milici v Milici*, 57 AD2d 946) is made warranting removal of the child to a distant locale" (*Courten v Courten*, 92 AD2d 579, 580). The fact that the parties had stipulated to a *de novo* hearing to determine the best interests of the children does not remove the mother's conduct as a circumstance of this case and therefore does not relieve her of the obligation imposed upon her under this rule. The mother seeks to justify the move on the basis of the offer of employment in Washington and her inability to find suitable employment in eastern Long Island, which, she claims, made it impossible for her to support the children adequately. However, her skills are not so specialized or the position she accepted in Washington so extraordinary that its availability constitutes an "exceptional circumstance". Indeed, the record is devoid of evidence of any attempt by the mother to find employment elsewhere in the New York area or to seek an increase in the child support obligation of the father, either of which would have improved her economic situation. In these circumstances, the mother has not established any "pressing concern" requiring removal of the children across the continent. The mother has therefore failed to carry the burden imposed upon her. Accordingly, the interests of the children are best served by their being with the father, and legal custody is therefore transferred to him. The mother is, of course, entitled to liberal visitation with the children at her home in Washington, at the father's expense. We leave it to Special Term to determine the details of this visitation, in light of the needs and schedules of the children and of their parents. Mollen, P. J., Weinstein, Rubin and Boyers, JJ., concur.