■ THOMAS J. BARIE, Appellant, v LISA FAULKNER, Respondent.—Order unanimously reversed, on the law, without costs, and petition granted, in accordance with the following memorandum: While the court recognized that respondent's relocation in Florida with the child of the marriage impeded petitioner's visitation rights under the divorce decree, it abused its discretion in failing adequately to protect those rights.

Both respondent and her new husband were employed in the Olean area before the move to Florida. The reason for the move was the hope that the economic climate in Florida would be more beneficial to them and that employment in the construction industry, in which the husband sometimes worked, would be more readily available in Florida. Neither of them had been promised employment in Florida before leaving New York.

There is no issue here as to the availability of either parent to be a responsible, loving custodian of the child. The proof also clearly establishes that petitioner had a regular and meaningful relationship with his child, nurtured through his visitation, which he exercised in an orderly, systematic fashion.

It is well established that visitation is a right jointly enjoyed by the noncustodial parent and the child (Weiss v Weiss, 52 NY2d 170, 175). Implicit in the visitation provisions of a divorce decree is the prohibition against the custodial parent removing the child to a distant place, a move which necessarily frustrates visitation rights (Priebe v Priebe, 81 AD2d 746, 747, affd 55 NY2d 997). While the remarriage of a divorced

parent cannot work to deny that parent custodial rights to his or her child, nonetheless, the custodial parent bears a heavy burden of proving exceptional circumstances or pressing concerns for the welfare of the custodial parent or the child which would warrant a relocation *(Bryan v Bryan,* 99 AD2d 743; *Courten v Courten,* 92 AD2d 579; *Priebe v Priebe, supra).* Nothing in this record rises to the level of such exceptional circumstances that would justify the undue interference with petitioner's visitation rights with his child.

Accordingly, effective 60 days from the date of the order of this court, custody of the child is transferred to petitioner, unless before that time respondent shall change her residence and that of the child to a location where the prescribed visitation may be conveniently carried out. In the event the respondent declines to so change her residence, she may apply to Supreme Court for an order fixing her visitation privileges. (Appeal from order of Supreme Court, Cattaraugus County, Crowley, J.—custody.) Present—Doerr, J. P., Boomer, O'Donnell, Pine and Schnepp, JJ.