■ MARY H. KENNEDY, Respondent-Appellant, v THOMAS E. KENNEDY, Appellant-Respondent.—In an action for a divorce and ancillary relief, (1) the defendant husband appeals from so much of a judgment of the Supreme Court, Nassau County (Roberto, J.), dated April 21, 1986, as decreed that the plaintiff wife may reside, with the parties' children, outside of a 100-mile radius of Manhattan, and (2) the plaintiff cross-appeals from so much of the same judgment as (a) directed her to pay the roundtrip costs of transporting the children from their residence in Virginia to New York for visitation with the defendant and to accompany them on those trips, and (b) denied her request for counsel fees.

Ordered that the judgment is modified, on the law, by deleting therefrom the third, fifth and sixth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith. The deleted provisions of the judgment shall remain in effect pending the outcome of those further proceedings.

In February of 1985 the parties entered into a separation agreement pursuant to which the plaintiff was given custody of the two infant issue of the marriage and the parties agreed "that for six months from the date hereof the MOTHER and children will reside only within a 100-mile radius of Manhattan". At the conclusion of that six-month period the plaintiff attempted to move to Norfolk, Virginia. During the course of

this action for divorce the defendant sought to prevent the plaintiff's relocation, and a trial limited solely to this issue was held. At the conclusion of the trial a judgment was entered permitting the plaintiff's relocation and providing, *inter alia,* that the children would fly to and from New York on alternate weekends for visitation with the defendant. This appeal and cross appeal ensued.

The court properly found that the plaintiff failed to make a compelling showing of exceptional circumstances or a pressing concern for her welfare which would warrant a move to a distant domicile *(see, Bryan v Bryan,* 99 AD2d 743; *Strahl v Strahl,* 66 AD2d 571, *affd* 49 NY2d 1036). However, the court apparently believed itself bound by the above-quoted provision of the separation agreement and thus carried out what it considered to be the parties' intention, namely, that after the six-month period the mother was free to move beyond the 100-mile radius, taking the children with her. The court was mistaken in coming to that conclusion. Assuming, arguendo, that the parties' intention was to permit the plaintiff to relocate outside of a 100-mile radius of Manhattan at the conclusion of the six-month period, that intention is not to be given conclusive effect in matters involving custody and visitation. "No agreement of the parties can bind the court to a disposition other than that which a weighing of all of the factors involved shows to be in the child's best interest" *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 95). Having mistakenly considered itself bound by what it found to be the intention of the parties as evinced by the separation agreement, the court did not make a determination as to whether or not relocation to Virginia was in the best interests of these children. That being so, we hereby remit the matter so that the court may make that determination.

In modifying the judgment appealed from we note that, based upon the testimonial and other evidence adduced at trial regarding the financial status of the parties *(see, Stern v Stern,* 114 AD2d 408; *Ryan v Ryan,* 92 AD2d 889), it cannot be said that the court's denial of the plaintiff's request for counsel fees constituted an abuse of discretion *(see,* Domestic Relations Law § 237 [a]; *Rodgers v Rodgers,* 98 AD2d 386, *appeal dismissed* 62 NY2d 646; *see also, Theroux v Theroux,* 112 AD2d 288). Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.