■ In the Matter of JANICE KELLY, Respondent, v WILLIAM J. KELLY, JR., Appellant.—Order unanimously reversed on the law without costs and petition dismissed. Memorandum: The parties were divorced in March of 1985. The judgment awarded custody of their daughter to both parties, with primary physical custody to the mother so long as she remained in the marital residence in Oswego, New York. The father was given regular and frequent visitation under a schedule to be agreed upon, and both parties were restrained from removing the child from New York without prior court approval, except for brief vacation periods. About two months later, the mother filed a petition in Family Court seeking sole custody and permission to relocate the child to Texas, which was then the residence of her fiancé. Additional petitions related to custody were filed, and testimony was heard on several dates during the next year. On the final date of the hearing in June 1986, the mother asked to relocate the child, then eight years old, to Virginia, where her fiancé then resided. Family Court awarded sole custody to the mother and permitted her to relocate with the child to Virginia.

The court erred by permitting a relocation of the child to Virginia. As we recently noted in *Barie v Faulkner* (115 AD2d 1003, 1004): "It is well established that visitation is a right jointly enjoyed by the noncustodial parent and the child *(Weiss v Weiss,* 52 NY2d 170, 175). Implicit in the visitation provisions of a divorce decree is the prohibition against the custodial parent removing the child to a distant place, a move which necessarily frustrates visitation rights *(Priebe v Priebe,* 81 AD2d 746, 747, *affd* 55 NY2d 997). While the remarriage of a divorced parent cannot work to deny that parent custodial rights to his or her child, nonetheless, the custodial parent bears a heavy burden of proving exceptional circumstances or

pressing concerns for the welfare of the custodial parent or the child which would warrant a relocation *(Bryan v Bryan,* 99 AD2d 743; *Courten v Courten,* 92 AD2d 579; *Priebe v Priebe, supra)."*

Family Court failed to consider whether any exceptional circumstances or pressing concerns warranted the relocation, and the record fails to reveal any such circumstances. The record clearly demonstrates that the mother desires to be with her fiancé and plans to relocate even if it means that her daughter must remain in Oswego. Though she claims that living in the marital residence is unbearable because the father has failed to pay the mortgage, utility and telephone bills or to provide her with transportation as directed in the judgment, these circumstances were much improved when the court rendered its decision and did not warrant depriving the daughter of the frequent and regular visitations exercised with her father.

A change of custody is also not warranted. Many of the factors considered by the court were based upon a relocation of the child to Virginia. Absent such a relocation, none of the factors considered by the court supports a change of the existing custody award. We further conclude that the trial court placed undue emphasis upon the child's wish to relocate, particularly by failing to consider the extent to which this wish was influenced by the mother's statement to the child that if she was denied custody, the child would never see her again *(See, Eschbach v Eschbach,* 56 NY2d 167, 173; *Obey v Degling,* 37 NY2d 768, 770). Our own review of the record reveals that continued regular and frequent visitation with the father is in the child's best interests, and that these interests are not outweighed by the custodial parent's desire to be with her fiancé. (Appeal from order of Oswego County Family Court, Comstock, J.—custody.) Present—Dillon, P. J., Callahan, Green, Balio and Davis, JJ.