■ In the Matter of PATRICIA BONFIGLIO, Respondent, v PETER BONFIGLIO, Appellant. (Proceeding No. 1.) In the Matter of PETER BONFIGLIO, Appellant, v PATRICIA BONFIGLIO, Respondent. (Proceeding No. 2.)—In cross proceedings pursuant to Family Court Act article 6, Peter Bonfiglio appeals from an order of the Family Court, Nassau County (De Maro, J.), entered January 2, 1987 which, after a hearing, in effect, granted Patricia Bonfiglio's application for a modification of the visitation schedule in a judgment of divorce of the Supreme Court, Nassau County, dated January 18, 1980, necessitated by her planned relocation to Tennessee.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, Patricia Bonfiglio's application is denied, and Peter Bonfiglio's application is granted to the

extent that the visitation schedule in the judgment of divorce shall remain unchanged.

It is the general policy of this State that a move by the custodial parent to a distant locale will not be permitted when it would effectively deprive the noncustodial parent of regular access to the child of the marriage *(see, Weiss v Weiss,* 52 NY2d 170; *Munford v Shaw,* 84 AD2d 810, *lv denied* 55 NY2d 606; *Daghir v Daghir,* 82 AD2d 191, *affd* 56 NY2d 938; *Strahl v Strahl,* 66 AD2d 571, *affd* 49 NY2d 1036). This policy is based upon the principle that visitation is a joint right of both the noncustodial parent and the child *(Weiss v Weiss, supra),* and upon the premise that the best interests of children would be furthered by their being nurtured and guided by both their natural parents *(Morgano v Morgano,* 119 AD2d 734). However, the general rule against relocation is not absolute and it will be permitted upon a showing of "exceptional circumstances", which term has come to mean a situation where the exercise of the noncustodial parent's right to visitation is inimical to the welfare of the children or that parent has in some manner forfeited his or her right to access to the children *(see, Strahl v Strahl, supra).* Additionally, relocation has been permitted under circumstances where there has been a compelling showing that a move is warranted because of a pressing concern for the welfare of the custodial parent or the children *(see, Priebe v Priebe,* 81 AD2d 746, *affd* 55 NY2d 997; *Bryan v Bryan,* 99 AD2d 743; *Strahl v Strahl, supra).*

This court has recognized that "[d]isputes involving custody and visitation are * * * among the most difficult the courts are called upon to resolve, for they so deeply affect the lives of children and the parents who love them" *(Daghir v Daghir, supra,* at 193). Each case presents a unique set of facts and thus a case-by-case analysis is required to determine if the requisite showing has been made to justify disrupting the relationship of the noncustodial parent and the child *(see, Munford v Shaw, supra).*

Here, the evidence adduced at the hearing demonstrated that Mr. Bonfiglio has taken advantage of his visitation rights and has thus not forfeited his right to visitation with his daughter. A relationship has also been fostered between the child and her paternal and maternal grandparents who live in New York.

Mrs. Bonfiglio's motivation to relocate to Tennessee appears to be a good-faith desire to improve the life-style of her family. However, while economic betterment is a factor to be considered it must be balanced against the best interests of the child

and the noncustodial parent *(Morgano v Morgano, supra; Kozak v Kozak,* 111 AD2d 842, *appeal dismissed* 66 NY2d 913).* The mother failed to demonstrate economic necessity for the move or a compelling reason to wrench the child away not only from her father but from her extended family as well *(see, Kozak v Kozak, supra).* We note that she has neither a job nor permanent housing in Tennessee and is not in danger of losing her job in New York. Thus, we conclude that the mother failed to demonstrate "exceptional circumstances" or compelling reasons to justify the proposed relocation. Mangano, J. P., Thompson, Lawrence and Kunzeman, JJ., concur.