■ ROBERT RICHARDSON, Appellant, v ELIZABETH HOWARD, Respondent. (Proceeding No. 1.) ELIZABETH HOWARD, Respondent, v ROBERT RICHARDSON, Appellant. (Proceeding No. 2.)— Order unanimously reversed on the law and facts without costs, petition dismissed, and respondent's cross petition granted to the extent of enjoining petitioner from removing the children from the State. Memorandum: Petitioner Elizabeth Howard instituted this petition to modify a prior order of custody and visitation to grant her permission to remove the parties' two daughters, ages 7 and 11, from their home near Syracuse to Kalamazoo, Michigan. Respondent Robert G. Richardson opposed the petition and cross-petitioned for an order enjoining petitioner from relocating with the children or, alternatively, granting him custody. Following a hearing, the court granted petitioner's application to relocate, finding that it would not be in the best interests of the children to be removed from her custody. The court made corresponding changes in visitation. Respondent appeals from the order of modification.

A geographical relocation by a custodial parent that effectively denied the noncustodial parent access to the child will not be allowed absent exceptional or compelling circumstances *(Weiss v Weiss,* 52 NY2d 170; *Matter of Ferguson v Ressico,* 125 AD2d 915). Here, neither the court's findings nor the record establishes that exceptional financial, educational, employment, or health considerations exist which necessitate or justify the move *(Matter of Kelly v Kelly,* 132 AD2d 977; *Daghir v Daghir,* 82 AD2d 191, 196, *affd* 56 NY2d 938). The record establishes that petitioner's sole reason for wanting to move to Michigan is to marry her fiancé and move to his home. That reason, standing alone, is rarely a sufficient justification for allowing the custodial parent to remove the child from the State and interfere with the joint right of the noncustodial parent and the child to enjoy regular, frequent and meaningful visitation *(Matter of Kelly v Kelly, supra; Barie v Faulkner,* 115 AD2d 1003). Here, petitioner and her fiancé indicated a willingness to return to New York after one year and the fiancé demonstrated no employment ties to

Michigan, thus there was no basis for petitioner's assertion that exceptional circumstances necessitate the move. In any event, the children's best interests are "clearly nurtured by a continued relationship" with their father *(Matter of Ferguson v Ressico, supra)* and are not served by the order curtailing respondent's every other weekend visitation to only three visits during the school year. (Appeal from order of Cayuga County Family Court, Corning, J.—custody-visitation.) Present —Denman, J. P., Boomer, Pine, Balio and Davis, JJ.