FOURTH DEPARTMENT, JULY, 1988

(July 7, 1988)

■ In the Matter of JOSEPH M. PECORELLO, Respondent, v DEBORAH R. P. SNODGRASS, Appellant.—Order reversed on the law and facts without costs, and matter remitted to Oneida County Family Court for further proceedings, in accordance with the following memorandum: Petitioner Joseph M. Pecorello instituted the present petition to modify a prior order of custody and visitation to grant him either custody of the infant issue of the marriage or restructured visitation because of the respondent Deborah R. Pecorello Snodgrass' relocation with the parties' child from Utica, New York, to Winston-Salem, North Carolina. Following a hearing, the court granted custody to petitioner, finding that the relocation was not based on a compelling reason. We disagree.

Absent exceptional or compelling circumstances, a geographic relocation by a custodial parent which will effectively deny a noncustodial parent visitation will not be permitted (Weiss v Weiss, 52 NY2d 170; Richardson v Howard, 135 AD2d 1140). One such exceptional circumstance arises from the obligation which a divorced parent undertakes resulting from remarriage (Weiss v Weiss, supra, at 177; Weber v Weber, 84 AD2d 940; Cmaylo v Cmaylo, 76 AD2d 898, appeal dismissed 51 NY2d 770).

Here, the record establishes that respondent married Mr. Snodgrass in 1984 and that he was involuntarily transferred from his position in Utica to North Carolina in April 1986 because of his prior employer's, Empire Airlines, merger with Piedmont Airlines. Mr. Snodgrass has been employed for six years with Empire since his graduation from college. His position in Utica was abolished in the merger and no comparable supervisory positions were available. Additionally, the record revealed that similar employment was not available in this geographic area because no airline maintained its headquarters in New York. Further, respondent has indicated a willingness to take all steps necessary to provide petitioner with continued access to the child by modifying the prior visitation provisions.

Given those circumstances, the custodial parent's relocation

with the child should be permitted *(Shed v Sofia,* 134 AD2d 894, *affd* 70 NY2d 997; *Cataldi v Shaw,* 101 AD2d 823; *Martinez v Konczewski,* 85 AD2d 717, *affd* 57 NY2d 809; *Weber v Weber, supra; Cmaylo v Cmaylo, supra).* We reverse the Family Court's order granting petitioner custody of the infant issue of the marriage and remit the matter for consideration of petitioner's alternative request for a restructured visitation schedule.

All concur, except Pine and Balio, JJ., who dissent and vote to affirm in the following memorandum.

Pine and Balio, JJ. (dissenting). We must dissent. In custody disputes, the controlling standard is the best interests of the child *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 94; *Matter of Nehra v Uhlar,* 43 NY2d 242, 246). Family Court determined that those interests would be served best by awarding custody of the parties' seven-year-old son to petitioner and that respondent's relocation to North Carolina was not a compelling reason to deprive petitioner of regular and frequent contact with his son. Those findings are amply supported by the record and should be accorded the greatest respect *(Eschbach v Eschbach,* 56 NY2d 167, 173). Because we perceive no sound basis to disturb the court's exercise of discretion *(see, Shed v Sofia,* 70 NY2d 997), we dissent.

A Judge must consider many factors in arriving at a determination of best interests, including the fitness of the custodial parent and the parent's ability to provide for the emotional development of the child, quality of the home environment, nature of parental guidance, desires of the child, stability and length of the existing custodial arrangement, and any prior determination of custody *(Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Friederwitzer v Friederwitzer, supra,* at 94). In addition, visitation is a right jointly enjoyed by the noncustodial parent and the child *(Barie v Faulkner,* 115 AD2d 1003), and that interest is served best when "nurtured by regular, frequent and welcomed visitation" *(Weiss v Weiss,* 52 NY2d 170, 175). For that reason, "the custodial parent bears a heavy burden of proving exceptional circumstances or pressing concerns for the welfare of the custodial parent or the child which would warrant a relocation" *(Barie v Faulkner, supra,* at 1004).

The decision of a custodial parent who marries anew to move with the current spouse to a distant location *may* constitute an exceptional circumstance warranting relocation of the child *(see, Barie v Faulkner, supra; Weber v Weber,* 84 AD2d 940). The fact that the spouse of a custodial parent has

accepted a job transfer does not constitute a per se basis for relocation of the child; a determination of the best interests of the child requires a delicate balancing of many factors and one factor or circumstance is not necessarily controlling *(Eschbach v Eschbach,* 56 NY2d 167, 171, *supra).*

In this case, the court found that both parties are fit parents, and that each had established a loving and warm relationship with the child. Petitioner regularly exercised all visitation rights permitted under the separation agreement and sought additional visitation. It also appears that the child has established a good relationship with the spouses of both parents. Although respondent was the primary custodian for five years prior to the hearing, the child told the court that he loved both parents and did not prefer one over the other for his future custodian.

The parents and stepparents are all employed. If the child remained in the Utica area, he would be cared for after school by his paternal grandmother and if in North Carolina, would be supervised at a day-care center. The child has spent his entire life in the Utica area and has a close relationship with both grandmothers. A relocation would disrupt those relationships and also would separate the child from aunts, uncles and cousins living in the Utica area. There was no proof of any educational, health or economic need of the child that necessitated his relocation to North Carolina. Understandably, the court found that uprooting the child from his stable environment and relationships with close family members in the Utica area was not in the child's best interests.

We agree with the court's finding that respondent failed to show a compelling reason for the relocation sufficient to warrant disruption of petitioner's regular visitation with his son. Apart from her marital responsibilities, respondent had no independent economic, occupational, educational or health need that warranted a relocation to North Carolina. The issue, therefore, is whether her husband's job transfer was an exceptional circumstance sufficient to outweigh what would otherwise be the child's best interests. In this respect, the husband made no application for a different position with his employer in Utica or another location closer than North Carolina, made no attempt to even investigate the possibility of similar positions with other airlines closer to Utica than North Carolina, and made no attempt to locate similar employment with other businesses in upstate New York even though he had applied for a position in Utica outside the airline industry a year and a half before his transfer. The

husband possesses a Bachelor's degree in psychology, but is employed in a middle-level supervisory position. There is no proof in this record that the husband could not have secured suitable employment in the Utica area.

As the court noted, "When Respondent and her second husband married, they both knew that she had a child from her first marriage and that the child's father resided in the same area and was exercising regular visitation with the child. Parents in this situation must recognize that there may be certain restrictions placed upon their mobility because of their obligations toward their child and toward maintaining visitation with the non-custodial parent." The husband's decision to remain with his employer by relocating several hundred miles away without examining his opportunities in an area that would enable his wife's child to continue to maintain frequent contact with his father demonstrates the willingness of respondent and her husband to place their interests ahead of those of the child and is insufficient to warrant a relocation of the child (see, Priebe v Priebe, 81 AD2d 746, 747). (Appeal from order of Oneida County Family Court, Pomilio, J.—custody.) Present—Doerr, J. P., Green, Pine, Balio and Lawton, JJ.