on a motion for summary judgment. Moreover, plaintiffs testified that they would not have signed the sales contract at all if they had understood the effect of the assignment of lease. That testimony was sufficient to raise a question of fact concerning whether defendant's negligence was a substantial cause of the events which produced plaintiffs' damages. Based upon the record, it cannot be concluded as a matter of law that plaintiffs' repudiation of the contract was an intervening act that superseded defendant's alleged negligence. The possibility that plaintiffs might choose to cancel a conditional sales contract is not so unforeseeable or extraordinary that their decision to do so should relieve defendant of all liability for his alleged negligence as a matter of law *(see, Kush v City of Buffalo,* 59 NY2d 26, 33; *Mesick v State of New York,* 118 AD2d 214, 218, *lv denied* 68 NY2d 611). The issue should be decided by a jury. (Appeal from order of Supreme Court, Monroe County, Wesley, J.—summary judgment.) Present— Dillon, P. J., Green, Pine, Lawton and Davis, JJ.

■ Tova E. Eilenberg, Appellant, v Joseph Elaz, Respondent. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: The court's determination denying the mother's application to relocate from Buffalo to Brooklyn and conditionally awarding custody of the children to the father is supported by the record *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Eschbach v Eschbach,* 56 NY2d 167, 173). Absent exceptional or compelling circumstances, a geographic relocation by a custodial parent will not be permitted *(see, Weiss v Weiss,* 52 NY2d 170). On this record the mother has failed to establish that the needs of the children, particularly those involving religious concerns, or the professional interests of her new husband constitute such circumstance requiring relocation *(see, Richardson v Howard,* 135 AD2d 1140; *Matter of Kelly v Kelly,* 132 AD2d 977; *Barie v Faulkner,* 115 AD2d 1003; *Daghir v Daghir,* 82 AD2d 191, 196, *affd* 56 NY2d 938; *cf., Matter of Pecorello v Snodgrass,* 142 AD2d 920, *appeal dismissed* 72 NY2d 1039). (Appeal from order of Supreme Court, Erie County, Roberts, J.—custody.) Present—Dillon, P. J., Green, Pine, Lawton and Davis, JJ.

■ Tova E. Eilenberg, Appellant, v Joseph Elaz, Respondent. (Appeal No. 2.)—Appeal unanimously dismissed without costs *(see, Matter of Jones v Marcy,* 135 AD2d 887; *Foley v Roche,* 68 AD2d 558, 562). (Appeal from order of Supreme Court, Erie County, Flaherty, J.—renewal.) Present—Dillon, P. J., Green, Pine, Lawton and Davis, JJ.