MARGARET L. STEC, Respondent, v TIMOTHY LEVINDOFSKE, Appellant.

Fourth Department, February 2, 1990

APPEARANCES OF COUNSEL

*Daniel J. Furlong* for appellant.

*Patrick M. Maniscalco* for respondent.

### OPINION OF THE COURT

BALIO, J.

■ The parties divorced in 1987. At that time, they stipulated that they would have joint custody of their two children, with plaintiff having primary physical custody. The stipulation, which was incorporated without merger into the divorce judgment, also prohibited plaintiff from relocating the children beyond the Eighth Judicial District or Monroe County without prior court approval. On this appeal, defendant contends that Supreme Court abused its discretion in permitting plaintiff to relocate to the Cleveland, Ohio, area with the children and in awarding sole custody of the children to plaintiff. We agree.

The children have lived their entire lives in the Buffalo area. Defendant has exercised frequent and regular visitation with the children; indeed, he has exercised more visitation than the minimum set forth in the parties' stipulation. He is current in his child support payments. There is no dispute that he has established a substantial and loving relationship with the children and that essential to that relationship is the frequent contact he has with the children. Plaintiff concedes that her relocation to Cleveland would deprive defendant of the frequency of that contact and that there is no medical,

educational or other need of the children necessitating relocation.

Visitation is a joint right of the children and noncustodial parent *(Weiss v Weiss,* 52 NY2d 170, 175). "While the remarriage of a divorced parent cannot work to deny that parent custodial rights to his or her child, nonetheless, the custodial parent bears a heavy burden of proving exceptional circumstances or pressing concerns for the welfare of the custodial parent or the child which would warrant a relocation" *(Barie v Faulkner,* 115 AD2d 1003, 1004; *see also, Matter of Kelly v Kelly,* 132 AD2d 977). As previously noted, there is no circumstance or concern pertaining to the children which warrants relocation. Also, relocation is not required by the remarriage. Plaintiff's current husband continued his employment in the Buffalo area for some two months after the remarriage before voluntarily terminating that employment and relocating to Cleveland, Ohio, to work as a restaurant waiter and in the printing business owned by plaintiff's father. The husband possesses no special skill or employment necessitating relocation *(see, Matter of Pecorello v Snodgrass,* 142 AD2d 920, *appeal dismissed* 72 NY2d 1039; *Bryan v Bryan,* 99 AD2d 743), he made no effort to continue his employment or to seek new employment in the Buffalo area *(see, Matter of Ellor v Ellor,* 145 AD2d 773; *Hendrey v Hendrey,* 110 AD2d 753; *Bryan v Bryan, supra),* and there is no evidence that relocation will provide the children with an enhanced life-style *(see, Shed v Sofia,* 134 AD2d 894, *affd* 70 NY2d 997). The desire of the custodial parent and her husband to change careers and to make a fresh start elsewhere does not amount to an exceptional circumstance or pressing concern *(see, Weiss v Weiss,* 52 NY2d 170, *supra; Matter of Bonfiglio v Bonfiglio,* 134 AD2d 426; *Matter of Ferguson v Ressico,* 125 AD2d 915). We also reject plaintiff's claim that the distance between Cleveland and Buffalo is not sufficient to frustrate regular and frequent visitation, especially in light of the frequent contact and relationship that defendant has established with the children *(see, Matter of Ellor v Ellor, supra; Hendrey v Hendrey, supra).*

A change from joint to sole custody was not supported by this record. No evidence was presented that a change of custody was in the best interest of the children, and, aside from the requested relocation, no circumstance was shown warranting an alteration of the custodial arrangement. Even the fact of relocation would not warrant a change of custody

in this case *(see, Matter of Speranzi v Clark,* 90 AD2d 877, 878; *Bazant v Bazant,* 80 AD2d 310).

■ We also note that the court erred in referring this contested custody matter to a Referee *(see, Scinta v Scinta,* 129 AD2d 262), and that the Referee erred in extracting a waiver of the right to appeal from the improper reference.

■ The custodial parent and children presently reside in the Cleveland area. The children should be relocated within the area specified in the parties' stipulation on or before July 1, 1990, and in the event of plaintiff's failure to do so, primary physical custody of the children is awarded to defendant with liberal visitation to the plaintiff. If the parties are unable to agree on a visitation schedule, plaintiff may apply to Supreme Court for an order establishing such a schedule.

Accordingly, the order of Supreme Court must be reversed, without costs, and the motion for permission to relocate and for joint custody denied.

DILLON, P. J., CALLAHAN, PINE and DAVIS, JJ., concur.

Order unanimously reversed, on the law, without costs, and motion denied.