MICHAEL A. WILES, Appellant, v ELAINE WILES, Respondent.

Fourth Department, November 15, 1991

APPEARANCES OF COUNSEL

*Siegel, Kelleher & Kahn (Emil Cappelli* of counsel), for appellant.

*Rosenthal, Siegel, Muenkel & Wolf (Keith I. Kadish* and *Linda DiPasquale* of counsel), for respondent.

OPINION OF THE COURT

CALLAHAN, A. P. J.

Petitioner (father) appeals from so much of an order of Family Court as permitted respondent (mother) to relocate to Florida with their 12-year-old son. Petitioner contends that respondent's move to Florida was not justified by "exceptional

circumstances" or a pressing concern for the welfare of respondent or the child. We agree.

Petitioner, Michael Wiles, married respondent, Elaine Wiles, on September 3, 1977; a son was born on September 14, 1978. Following a lengthy separation, the parties entered into an oral stipulation in Family Court whereby the mother was to have sole custody of the infant child and the father was to have liberal visitation rights. This stipulation was later incorporated in an order of Family Court, entered January 22, 1987. Family Court also directed that the father pay child support. The parties were divorced in March 1989. The judgment of divorce incorporated the Family Court orders of custody, visitation and child support.

In June 1989, respondent married the program director at a radio station in Buffalo where she was employed as a sales secretary. On March 27, 1990, respondent's husband took a job as the program director for a radio station in Orlando, Florida. Respondent informed petitioner that she was going to relocate to Florida with her husband and take the boy with them.

On March 29, 1990, petitioner filed two petitions in Family Court: (1) to enforce his visitation rights under the judgment of divorce incorporating the terms of the prior Family Court order, and (2) seeking custody of his son. On August 20, 1990, a hearing was held limited to respondent's proposed relocation with her son to Florida.

Family Court determined that it was in the best interests of respondent and her husband to relocate to Florida. It further ordered that custody of the child would remain with respondent pending a further hearing as to the child's best interests and permitted the parties to arrange reasonable visitation for the father with the cost of transportation to be borne by the respondent.

In child custody cases, the paramount concern is the best interests of the child (*Friederwitzer v Friederwitzer*, 55 NY2d 89, 94; *Matter of Nehra v Uhlar*, 43 NY2d 242, 250). Whenever possible, the best interests of a child lie in being nurtured by both of his natural parents (*see, Weiss v Weiss*, 52 NY2d 170, 175; *Daghir v Daghir*, 82 AD2d 191, 193, *affd* 56 NY2d 938; *Hemphill v Hemphill*, 169 AD2d 29). Thus, visitation is a joint right of the divorced, noncustodial parent and his child (*Weiss v Weiss, supra*, at 175; *Stec v Levindofske*, 153 AD2d 310, 312, *lv denied* 75 NY2d 711; *Matter of Bonfiglio v Bonfiglio*, 134 AD2d 426). Implicit in the visitation provisions of a divorce decree is the prohibition against a custodial parent removing the child to a distant place, a move which necessarily frus-

trates visitation rights *(Priebe v Priebe,* 81 AD2d 746, 747, *affd* 55 NY2d 997; *Barie v Faulkner,* 115 AD2d 1003). " 'While the remarriage of a divorced parent cannot work to deny that parent custodial rights to his or her child, nonetheless, the custodial parent bears a heavy burden of proving exceptional circumstances or pressing concerns for the welfare of the custodial parent or the child which would warrant a relocation' " *(Stec v Levindofske, supra,* at 312, quoting *Barie v Faulkner, supra,* at 1003-1004; *see also, Matter of Kelly v Kelly,* 132 AD2d 977).

From our review of the record, we conclude that the relocation of the custodial parent to Florida with her new spouse was not warranted by such exceptional circumstances as would justify the undue interference with petitioner's visitation rights with his child *(see, Stec v Levindofske, supra; Barie v Faulkner, supra).* There is no dispute that the father has exercised frequent and regular visitation with his son, that he has established a very close and loving relationship with him, and that essential to that relationship is the frequent contact he has with his son. Naturally, respondent's relocation to Florida will deprive petitioner of the frequency of that contact. In addition, there is no circumstance or concern pertaining to the child which warrants relocation. Respondent's relocation was the result of her husband's decision to accept a job offer in Florida. The record, however, establishes that although respondent's husband believed that his job as program director at the radio station in Buffalo was in jeopardy as a result of a change in ownership, nevertheless, his job had not been terminated nor did he seek new employment in the Buffalo or surrounding area *(see, Stec v Levindofske, supra,* at 312).

We further note that during the bifurcated hearing, Family Court stated that it did not consider the best interests of the child as relevant to a determination on the relocation issue and that the best interests of the child would be considered at a further hearing of the court. That was error *(see, Wodka v Wodka,* 168 AD2d 1000, 1001). Accordingly, we should reverse and remit the matter to Family Court for an immediate hearing to consider the fundamental issue of the best interests of the child *(see, Wodka v Wodka, supra).*

BOOMER, PINE, BALIO and LAWTON, JJ., concur.

Order unanimously reversed, on the law, without costs, and matter remitted to Erie County Family Court for further *proceedings* in accordance with an opinion by CALLAHAN, A. P. J.