■ KATHLEEN CURCIO, Appellant, v PAUL C. CURCIO, Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Family Court erred in permitting the respondent to relocate to Tennessee with the four infant issue of the marriage. The record is bare of any evidence of compelling circumstances, or pressing concerns for the welfare of the children or custodial parent, that would warrant relocation *(see, Stec v Levindofske,* 153 AD2d 310, 312; *Barie v Faulkner,* 115 AD2d 1003, 1004; *see also, Matter of Kelly v Kelly,* 132 AD2d 977). The record establishes that it would be in the children's best interest to be nurtured by both parents *(see generally, Weiss v Weiss,* 52 NY2d 170, 175). We additionally note that both parents hold great love and affection for their children and neither is an unfit parent.

Given those circumstances, it is in the children's best interest that custody of the infant issue of the marriage be continued with respondent, upon the condition that he relocates from Tennessee to Monroe County within 90 days of this order and, in the event that respondent fails to do so, custody of the children is awarded to petitioner *(see, Stec v Levindofske, supra,* at 313). Physical custody of the three infant issue of the marriage who presently reside with petitioner shall be transferred to respondent upon his relocation to Monroe County. (Appeal from Order of Monroe County Family Court, Sciolino, J.—Custody.) Present—Doerr, J. P., Boomer, Pine, Lawton and Davis, JJ.