■ SUSAN P. LESLIE, Respondent, v PHILIP LESLIE, Appellant. —In an action for a divorce and ancillary relief, the defendant

husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Delaney, J.), entered February 8, 1990, as, after a nonjury trial, permitted the plaintiff wife to relocate to Richmond, Virginia, with the parties' minor son. The defendant's notice of appeal from an order dated December 15, 1989, is deemed a premature notice of appeal from the judgment (see, CPLR 5520 [c]).

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, the order dated December 15, 1989, is vacated, the third and fourth decretal paragraphs thereof are deleted, and a provision is substituted therefor that the wife shall have sole custody of the child only if she returns to live in a location that is within 50 miles of the husband's residence in Hopewell Junction, New York, and, if she fails to return to live in a location that is within 50 miles of the husband's residence in Hopewell Junction, the husband is awarded sole custody of the child; and it is further,

Ordered that the wife's time to return to live in a location that is within 50 miles of the husband's residence in Hopewell Junction is extended until 90 days after service upon her of a copy of this decision and order, with notice of entry.

The parties were married in June 1976 and have one child, a son, who was born in August 1979. In January 1988 the wife left the marital residence in Hopewell Junction, and moved, with the child, to the home of her parents in Yorktown Heights. The wife thereafter commenced the instant action for divorce. The parties settled all of the issues in the case, except for the question of whether the wife could relocate, with the child, to Richmond, Virginia, a location approximately 400 miles from the husband's residence.

After a nonjury trial, the Supreme Court permitted the wife and child to move to Virginia, finding that the maternal grandparents, with whom the wife and child had been living, were moving to Virginia, that the wife and child would be able to live in Virginia as well, if not better, than they had in New York, and that the move would not deprive the husband of regular access to his son. The husband now appeals, seeking custody of the child unless the wife returns to New York.

It is well established that in the absence of exceptional circumstances a custodial parent may not, by relocating to a distant locale, deprive the noncustodial parent of reasonable visitation (see, Hemphill v Hemphill, 169 AD2d 29; Coniglio v Coniglio, 170 AD2d 477; Meier v Meier, 156 AD2d 348; Matter

*of Savino v Savino,* 110 AD2d 642). "Although the predomi- nant concern is the best interest of the child, the resolution of such disputes requires a careful balancing of the rights and problems of both the child and of his or her parents" *(Coniglio v Coniglio, supra,* at 478; *see,* Freed, Brandes & Weidman, Relocation, A Child's Dilemma, NYLJ, Dec. 31, 1991, at 3, col 1).

Here, the wife's desire to move was essentially predicated upon her desire to return to school and obtain a doctoral degree from the University of Virginia in Charlottesville. There was, however, no evidence that the wife had fully investigated her educational options and opportunities in the New York area. The wife also asserted that a move to Vir- ginia would improve her and her son's standard of living. However, a desire for economic betterment, as opposed to economic necessity, does not constitute an exceptional circum- stance sufficient to justify a move that would significantly curtail visitation by the child's noncustodial parent *(cf., Hemp- hill v Hemphill, supra; Matter of Bonfiglio v Bonfiglio,* 134 AD2d 426; *Morgano v Morgano,* 119 AD2d 734).

From his Hopewell Junction residence, the husband has taken advantage of his visitation rights and has developed an enriching and meaningful relationship with his son. We con- clude that the wife did not present exceptional circumstances justifying her relocation to Virginia. Moreover, the move deprives the husband of regular access to his son, and, under the circumstances of this case, is not in the best interest of the child. Accordingly, the judgment permitting the wife to relo- cate is reversed insofar as appealed from. Further, the best interest of the child mandates that the husband be awarded custody of the child unless the wife returns to a location that is within 50 miles of the husband's residence in Hopewell Junction, New York *(cf., Rybicki v Rybicki,* 176 AD2d 867). Harwood, J. P., Balletta, Rosenblatt and Copertino, JJ., con- cur.