■ MATTHEW SANDERS, Respondent, v TINA SANDERS, Appellant.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendant mother appeals from an order of Supreme Court that directed physical custody of the parties' two children to be transferred to plaintiff father in Cattaraugus County. She contends that Supreme Court's order is inconsistent with the best interests of the children.

Defendant Tina Sanders and plaintiff Matthew Sanders were married in May 1986, separated in December 1988, and divorced on September 5, 1989. Tyler Sanders was born December 17, 1984 and Jena Sanders was born May 14, 1988. Incorporated in the parties' divorce decree was a stipulation for joint custody with primary physical custody with defendant and alternate weekend visitation with plaintiff. Under the agreement, plaintiff was obligated to pay child support to defendant in the amount of $50 per week, per child. The custody agreement did not address the possibility of either party's relocation.

Without notice to plaintiff, the defendant took the children and moved to Florida in February 1990 to be with Vance Woodard, her fiancé, a longtime Florida resident employed in his family's garage door installation company. Plaintiff has since married a woman with two young sons; she has indicated that she would welcome plaintiff's two children in their home in Cattaraugus County.

Plaintiff brought this action seeking defendant's return with the children or, in the alternative, a change of primary physical custody. A hearing was held at which Supreme Court properly considered the best interests of the children and ordered that, if defendant remains in Florida, physical custody will be granted to plaintiff as of July 1, 1992.

"In child custody cases, the paramount concern is the best interests of the child *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 94; *Matter of Nehra v Uhlar,* 43 NY2d 242, 250). Whenever possible, the best interests of a child lie in being nurtured by both of his natural parents *(see, Weiss v Weiss,* 52 NY2d 170, 175; *Daghir v Daghir,* 82 AD2d 191, 193, *affd* 56 NY2d 938; *Hemphill v Hemphill,* 169 AD2d 29[, 32, *appeal dismissed* 78 NY2d 1070]). Thus, visitation is a joint right of the divorced, noncustodial parent and his child *(Weiss v Weiss, supra,* at 175; *Stec v Levindofske,* 153 AD2d 310, 312, *lv denied* 75 NY2d 711; *Matter of Bonfiglio v Bonfiglio,* 134 AD2d 426). Implicit in the visitation provisions of a divorce decree is the prohibition against a custodial parent removing the child to a distant place, a move which necessarily frustrates visitation rights *(Priebe v Priebe,* 81 AD2d 746, 747, *affd* 55 NY2d 997; *Barie v Faulkner,* 115 AD2d 1003). ' "While the remarriage of a divorced parent cannot work to deny that parent custodial rights to his or her child, nonetheless, the custodial parent bears a heavy burden of proving exceptional circumstances or pressing concerns for the welfare of the custodial parent or the child which would warrant a relocation" ' [citations omit-

ted]" *(Wiles v Wiles,* 171 AD2d 398, 399-400; *see also, Curcio v Curcio,* 177 AD2d 1051; *cf., Matter of Pecorello v Snodgrass,* 142 AD2d 920, *appeal dismissed* 72 NY2d 1039; *Martinez v Konczewski,* 85 AD2d 717, *affd* 57 NY2d 809).

We conclude that defendant's relocation to Florida was not justified by such exceptional circumstances that would excuse her effective termination of plaintiff's visitation rights under the parties' agreement *(see, Stec v Levindofske, supra).* The trial court's conclusion that both parties love and care for the children and are equally fit to serve as the custodial parent is entitled to considerable deference *(see, Matter of Towne v Towne,* 154 AD2d 766). Further, the trial court recognized the father's bond with the children as sufficient to support immediate transfer of custody to him. Importantly, both plaintiff and defendant have relatives in Cattaraugus County, while neither has family ties in Florida *(see, Lo Bianco v Lo Bianco,* 131 AD2d 642).

There is nothing regarding either child that necessitated relocation to Florida *(see, Wiles v Wiles, supra).* Rather, defendant relocated seeking a fresh start where her fiancé was employed. She offered no proof that he had sought employment in or near Cattaraugus County *(see, Stec v Levindofske, supra,* at 312), nor did she demonstrate that his role in the garage door installation business was a "unique opportunity to take part in an ongoing family concern" *(Zaleski v Zaleski,* 128 AD2d 865, 866, *lv denied* 70 NY2d 603).

To ensure that the children will be returned to Cattaraugus County prior to the start of the 1992-1993 school year, we modify the order to the extent that we direct defendant to return the children to Cattaraugus County on or before August 17, 1992. If defendant fails to return with the children by that date, permanent physical custody of the children is transferred to plaintiff. In all other respects we affirm the order of Supreme Court. (Appeal from Order of Supreme Court, Cattaraugus County, Sprague, J.—Custody.) Present— Callahan, J. P., Pine, Boehm, Fallon and Davis, JJ. (Entered June 29, 1992.)