■ PERI GRUENSPECHT, Respondent, v MARK GRUENSPECHT, Appellant. [595 NYS2d 246] —In a matrimonial action in which the parties were divorced by a judgment dated May 30, 1991, the defendant father appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Fisher, J.), dated November 5, 1992, as granted that branch of the plaintiff mother's motion which was to modify certain provisions of the parties' stipulation of settlement and the judgment of divorce, to permit her to relocate with the chil-

dren to Cleveland, Ohio, and denied his cross motion, *inter alia,* to enjoin the plaintiff from moving to Cleveland, Ohio.

Ordered that the order is reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a further hearing and new determination in accordance herewith.

The plaintiff made a motion to modify the parties' stipulation of settlement, as well as the judgment of divorce, so as to allow her to move to Cleveland, Ohio, together with the parties' two children. In seeking this relief, the plaintiff averred that her new husband could no longer find "suitable" work in New York, that his previous career in New York was no longer "lucrative", and that he had therefore decided to "go into computer graphics" working in a family-owned business located in Cleveland.

The assertions contained in the plaintiff's moving papers, including those noted above, do not establish that the relocation of the plaintiff's husband to Cleveland is, or was, warranted as a matter of actual economic necessity, as opposed to mere economic advantage. These assertions, without more, may not properly serve as the basis for a finding of exceptional circumstances. "[A] desire for economic betterment, as opposed to economic necessity, does not constitute an exceptional circumstance sufficient to justify a move that would significantly curtail visitation by the [children's] noncustodial parent" *(Leslie v Leslie,* 180 AD2d 620, 622; *see also, Elkus v Elkus,* 182 AD2d 45; *Sanders v Sanders,* 185 AD2d 716; *Matter of Bonfiglio v Bonfiglio,* 134 AD2d 426; *Morgano v Morgano,* 119 AD2d 734; *cf., Hemphill v Hemphill,* 169 AD2d 29).

Prior to deciding the plaintiff's motion and the defendant's cross motion, the Supreme Court properly conducted a hearing. However, the scope of that hearing was essentially limited to expert psychological testimony relating to the effect which this relocation might have on the children, and the testimony was not sufficient to allow a determination as to the best interests of the children. The scope of the hearing should have been expanded so as to include the taking of testimony on the other matters placed in issue by the defendant. These matters include whether the plaintiff's relocation to Ohio can be justified as a matter of economic necessity so as to satisfy the "exceptional circumstances" standard. Bracken, J. P., Balletta, O'Brien and Ritter, JJ., concur.