■ Mark A. Schultz, Respondent, v Lisa M. Schultz, Appellant. [606 NYS2d 480] —Judgment unanimously affirmed without costs. Memorandum: Defendant, Lisa M. Schultz, and plaintiff, Mark A. Schultz, were married in 1988 in Rome, New York. Their daughter, Kendall, was born in 1989. When the parties married, defendant had custody of her son from a prior marriage, Chad, who was born in 1985. In July 1991, defendant left the marital residence in Rome, ostensibly to visit her family in Warwick, Rhode Island for two weeks. She then telephoned plaintiff from Rhode Island to tell him that their marriage was over and that she intended to remain in Warwick with Kendall. She refused to return Kendall to him. Thereafter, plaintiff obtained an order granting him visitation rights for nine days every month, which he exercised regularly. When Kendall begins school, however, even weekend visitation will become impracticable because of the 10-hour round trip automobile ride from Rhode Island to New York. After a trial of the matrimonial action, the court granted custody to defendant on the condition that she relocate within 120 days to the Rome vicinity; otherwise custody would be granted to plaintiff.

The conflicting testimony concerning plaintiff's fitness as a parent presented an issue of credibility for the trial court and its assessment of credibility is entitled to great deference *(see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Eschbach v Eschbach,* 56 NY2d 167; *Matter of Ebert v Ebert,* 38 NY2d 700, 703). We see no reason to disturb the trial court's findings that defendant and plaintiff were equally fit parents.

The paramount concern in child custody cases is the best interests of the child *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 95). Those best interests are ordinarily served by a continuing relationship with both parents *(Weiss v Weiss,* 52 NY2d 170, 174-175; *Daghir v Daghir,* 82 AD2d 191, 193, *affd* 56 NY2d 938). Therefore, when a custodial parent seeks to relo-

cate to an area distant from the noncustodial parent, the former bears a heavy burden of proving that "exceptional circumstances or pressing concerns for the welfare of the custodial parent or the child * * * warrant a relocation" (Barie v Faulkner, 115 AD2d 1003, 1004). Exceptional circumstances include compelling financial, educational, employment or health considerations (see, Richardson v Howard, 135 AD2d 1140; Daghir v Daghir, supra), but do not include the desire of a parent to "make a fresh start" in a new locale (Stec v Levindofske, 153 AD2d 310, 312, lv denied 75 NY2d 711; Sanders v Sanders, 185 AD2d 716, 718; Holsberg v Shankman, 171 AD2d 1067).

We conclude that neither exceptional circumstances nor pressing concerns for the well being of the child justified defendant's relocation. Rather, defendant relocated to seek a fresh start in Rhode Island, where her family lived and where she had more social opportunities (see, Sanders v Sanders, supra; Holsberg v Shankman, supra; Stec v Levindofske, supra).

We reject defendant's contention that, if she fails to relocate, the award of custody to plaintiff will not be in Kendall's best interests because it will separate Kendall from her half-brother, Chad. Although courts will not disrupt sibling relationships unless there is an overwhelming need to do so (Keating v Keating, 147 AD2d 675, 677, appeal dismissed 74 NY2d 791; Pawelski v Buchholtz, 91 AD2d 1200, 1201; see also, Eschbach v Eschbach, supra, at 173; Matter of Severo E. v Lizzette C., 157 AD2d 726), that policy is only one factor to consider in the determination of a child's best interests (see, Eschbach v Eschbach, supra; Matter of Severo E. v Lizzette C., supra). The court did not err in its alternative disposition, giving priority to the child's relationship with plaintiff over her relationship with her half-brother, if defendant declines to relocate. The court made a careful and equitable balancing of the competing interests involved in determining the best interests of Kendall, including her two-year residence in Rhode Island. The removal of a child without seeking permission should not be encouraged by allowing the duration of such removal to influence a court's decision.

A large part of the matrimonial trial focused on the issue of custody and Kendall's best interests, and Supreme Court wrote a reasoned decision less than eight months ago. There is no need, therefore, to conduct another hearing with respect to those issues. (Appeal from Judgment of Supreme Court,

Oneida County, Ringrose, J.—Custody.) Present—Pine, J. P., Balio, Lawton, Doerr and Boehm, JJ.