■ In the Matter of SHERRY M. AYLESWORTH, Respondent, v JEROME AYLESWORTH et al., Appellants. [617 NYS2d 85] —Order unanimously modified on the law and as modified affirmed without costs and matter remitted to Oneida County Family Court for further proceedings in accordance with the following Memorandum: Family Court did not abuse its discretion in denying respondents' cross petition to permit Marc Aylesworth (respondent) to relocate to Kentucky with the parties' child. Respondents failed to demonstrate that exceptional circumstances warranted a relocation *(see, Stec v Levindofske,* 153 AD2d 310, 312, *lv denied* 75 NY2d 711; *Richardson v Howard,* 135 AD2d 1140; *Matter of Kelly v Kelly,* 132 AD2d 977, 977-978; *Barie v Faulkner,* 115 AD2d 1003, 1004).

The court abused its discretion, however, in granting the petition of petitioner for custody. The primary focus in any custody case is the best interests of the child *(see, Wodka v Wodka,* 168 AD2d 1000, 1001; *see also, Wiles v Wiles,* 171 AD2d 398, 399; *Ideman v Ideman,* 168 AD2d 1001, 1002). "The preexisting custodial arrangement, whether established by agreement or order, is a weighty factor, and the existing arrangement should be changed based only upon ' "countervailing circumstances or consideration of the totality of circumstances" ' " *(Fox v Fox,* 177 AD2d 209, 210-211, quoting *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95). Here, when the parties separated, petitioner relinquished custody of the child to respondent, and agreed that the child would live with respondent's parents while respondent, who was in the Navy, was stationed in Japan. That agreement was incorporated into the parties' divorce decree. The uncontroverted evidence demonstrated that, although respondent was overseas for several years, he maintained a good relationship with his daughter through telephone calls and letters and spent every home leave with her. When he returned to the United States, respondent obtained petitioner's permission for the

child to stay with him for an extended time in California. He has remarried and his wife shares his desire for custody.

The record does not demonstrate "countervailing circumstances" sufficient to justify disturbing the established custody arrangement. At the time of the hearing, petitioner was living in a two-bedroom apartment with a married man with five children of his own. She had an out-of-wedlock son by that man. She had exercised sporadic visitation with her daughter over the years. She acknowledged that, when her daughter was in California with respondent for over six months, she never telephoned her daughter and wrote her only one letter.

In awarding custody to petitioner, the court disregarded the opinion of the child's counselor, as well as the opinions of the probation department and the Law Guardian, that custody should not be changed. We conclude that the court's change of custody lacks a sound and substantial basis in the record *(see, Matter of Radford v Propper,* 190 AD2d 93, 97). We modify Family Court's order, therefore, by denying the petition for custody without prejudice to renew should respondent decline to remain in New York, and we remit the matter to Family Court to set a visitation schedule for petitioner. (Appeal from Order of Oneida County Family Court, Flemma, J.—Custody.) Present—Balio, J. P., Lawton, Wesley, Doerr and Boehm, JJ.